[No. 42452. En Banc. December 14, 1972.]

MARVEL ANDREW LEWIS, *Respondent,* v. THE DEPARTMENT OF MOTOR VEHICLES, *Appellant.*

*Slade Gorton, Attorney General,* and *David R. Minikel, Assistant,* for appellant.

*John Moberg,* for respondent.

UTTER, J.—The Department of Motor Vehicles seeks reversal of a superior court decision, holding a department driver's license revocation order invalid. The superior court

found the "sworn report" required by RCW 46.20.308 (3) is a prerequisite to department revocation action and an essential element in the department's prima facie case.

We conclude that the license revocation provisions of RCW 46.20 make submission of the "sworn report" unnecessary in a de novo review by a superior court of the department's order.

The license revocation provisions are contained in RCW 46.20.308 (3), (4), and (5). These provide three opportunities to determine whether a driver's license should be revoked when the driver fails to accede to the request to take a breathalyzer test after proper grounds and warnings have been established by the officer. *State v. Moore,* 79 Wn.2d 51, 483 P.2d 630 (1971).

█ The first determination is found in RCW 46.20 .308(3) which states, in part:

> If, following his arrest, the person arrested refuses upon the request of a law enforcement officer to submit to a chemical test of his breath, after being informed that his refusal will result in the revocation or denial of his privilege to drive, no test shall be given. The department of motor vehicles, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test upon the request of the law enforcement officer after being informed that such refusal would result in the revocation or denial of his privilege to drive, *shall revoke his license* or permit to drive for any nonresident operating privilege.

(Italics ours.) At this point the statute authorizes the department to revoke the license of the person accused upon a "sworn report" by the officer involved. Upon receipt of such a statement, the department is obligated to revoke the driver's license and, absent any exercise of statutory rights for review by the driver, the order becomes operative. It is only at this point the "sworn report" and presumption of

its credibility govern the revocation order. If the revocation order is challenged, the matters within the "sworn report", which are the basis of the revocation order, are placed under scrutiny and the "sworn report" is no longer controlling.

In view of the drastic effect upon the driving rights of the person involved, a second determination is provided by the right to a formal departmental hearing, pursuant to RCW 46.20.308(4), at which the above-mentioned scrutiny takes place. This hearing opportunity is required by due process (*Cuddy v. State Dep't of Pub. Assistance*, 74 Wn.2d 17, 19, 442 P.2d 617 (1968)), because the implied consent revocation of RCW 46.20.308, which we have here, is based on a "sworn report" alone without any factual determination on the merits of the statements within the report.

In those cases in which revocation is triggered by a conviction involving the operation of a motor vehicle, no hearing is provided to challenge the revocation because the conviction is based on findings by a court. RCW 46.20.285. The issues involved at the formal departmental hearing as provided by RCW 46.20.308(4) are stated, in part, as follows:

> whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor, whether the person was placed under arrest and whether he refused to submit to the test upon request of the officer after having been informed that such refusal would result in the revocation or denial of his privilege to drive.

The formal hearing therefore provides the opportunity to challenge the facts of the refusal to submit to a chemical breath test, upon which the revocation is based. At the formal hearing, the department is required to "consider its records and may receive sworn testimony . . ." RCW 46.20.332. Formal testimony was received and a new order of revocation was issued following the hearing.

In this case, respondent filed notice of appeal in superior court pursuant to RCW 46.20.308(5) and RCW 46.20.334. It is this de novo trial in superior court that provides the third opportunity to determine whether a revocation order is valid. The appeal was heard on July 29, 1971, and the arresting officer's testimony was taken establishing the required elements for the revocation. There was no cross-examination and no other testimony was taken. Respondent made no attempt to use the sworn statement as a grounds for cross-examination or for any other purpose. The court initially sustained the action of the department but upon reargument reversed the department's action because the "sworn report" submitted by the arresting officer was never formally introduced into evidence.

The "sworn report" has relevance only where the initial revocation is based solely upon the report or where, at a formal hearing, only the department's records are reviewed and no sworn testimony covering the material in the "sworn report" is received from the author of the report. The trial de novo is "to review the final order of revocation . . . by the department . . ." (RCW 46.20.308(5)), not all actions by the department. A trial de novo implies an "original hearing" was held which the de novo trial is to review. *Foster v. Carson School Dist. 301,* 63 Wn.2d 29, 32, 385 P.2d 367 (1963). Thus, where the issues at the "original hearing" are determined on sworn testimony, the presence or absence of a written report at the de novo superior court trial is irrelevant.

The judgment of the trial court is reversed and the order of the department is reinstated.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, STAFFORD, and WRIGHT, JJ., concur.