[No. 1964-1.    Division One.    August 26, 1974.]

JOHN M. METCALF, *Respondent*, v. THE DEPARTMENT OF MOTOR VEHICLES, *Appellant*.

*Slade Gorton, Attorney General*, and *R. Timothy Oliver, Assistant*, for appellant.

*Bianchi, Tobin & Rinaldi* and *Albert A. Rinaldi, Jr.*, for respondent.

JAMES, J.—This is a first impression case presenting a single issue. Is the requirement for a "sworn report" in RCW 46.20.308(3),[1] the implied consent statute, jurisdictional?

A document reciting the statutory grounds for revocation of John Metcalf's driver's license was filed with the Department of Motor Vehicles. The document was signed by an

_____

[1]RCW 46.20.308(3) provides in part:

"If, following his arrest, the person arrested refuses upon the request of a law enforcement officer to submit to a chemical test of his breath, after being informed that his refusal will result in the revocation or denial of his privilege to drive, no test shall be given. The department of motor vehicles, upon the receipt of a *sworn report* of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a

officer who had arrested Metcalf, but was not "sworn to" before any person qualified to administer oaths and affirmations under RCW 5.28.010. The department revoked Metcalf's license for 6 months and, pursuant to RCW 46.20.308(4), he requested a departmental formal hearing. At the hearing, the arresting officer testified under oath to facts supporting the statutory grounds for revocation and the hearing officer upheld the department's action.

Metcalf appealed to superior court for a trial de novo. The trial court granted his motion to dismiss on the ground that the report was unsworn and therefore "the Department of Motor Vehicles lacked jurisdiction to revoke [his] driver's license." The department brings this appeal.

The department relies upon *Lewis v. Department of Motor Vehicles*, 81 Wn.2d 664, 504 P.2d 298 (1972), which held that the "sworn report" was not relevant in a superior court proceeding where the arresting officer testifies to facts which support the department's action. The department argues that since in this case the arresting officer testified at the departmental formal hearing, the report is irrelevant. The thrust of the department's argument is that the report is a mere notice to it and that it is not a jurisdictional requirement to a license revocation.

We disagree. In *Lewis*, the issue was whether the sworn report must be introduced into evidence in the superior court proceeding. The court held that introduction was not required because the superior court trial was a de novo proceeding and the court received other adequate sworn testimony to support the department's action. The adequacy of the "sworn report" to sustain the department's initial revocation was not in issue.

█ RCW 46.20.308 was enacted as Initiative 242, section

---

motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test upon the request of the law enforcement officer after being informed that such refusal would result in the revocation or denial of his privilege to drive, shall revoke his license or permit to drive or any nonresident operating privilege." (Italics ours.)

1 in 1968. Subsection (3) requires that the department revoke the license of anyone upon the filing of a "sworn report" alleging (1) that the arresting officer had reasonable grounds to believe that the driver had been driving while under the influence of alcohol, (2) that the officer gave the driver proper warnings as to his rights, and (3) that the driver refused to submit to the test.

The drafters of the implied consent statute were aware of the serious consequences which can accompany the revocation of a driver's license. They chose to give the department no discretion and required that once the statutory criteria have been established, the license must be revoked. *State v. Womack*, 82 Wn.2d 382, 510 P.2d 1133 (1973). Since revocation turns upon only a few crucial facts, the drafters provided three separate opportunities for determining these facts in order to promote the accuracy of the proceeding.

The first "determination" occurs when the officer files a "sworn report." At this point, the report carries a "presumption" of "credibility" which "govern[s] the revocation order." *Lewis v. Department of Motor Vehicles, supra* at 665-66. The second "determination" occurs only if the driver chooses to request a departmental formal hearing. At such hearing, the department is required to "consider its records and may receive sworn testimony . . ." RCW 46.20.332. The third "determination" occurs if the driver chooses to appeal to superior court, RCW 46.20.334, and the de novo trial, of course, proceeds only upon sworn proof.

Were we to construe the statute as the department suggests, the "presumption" of "credibility" which serves as the basis for the first "determination" would cease to exist, for the presumption does not attach to an unsworn statement. Without the "presumption," the department's revocation would be based only upon unsworn allegations with little assurance of an accurate result. Since the initial revocation order becomes effective unless the driver timely requests a formal hearing, a driver may well be deprived of his license on the sole basis of unsworn allegations. The law disapproves of visiting serious consequences upon parties

on the basis of only unsworn evidence. *See In re Ross*, 45 Wn.2d 654, 277 P.2d 335 (1954).

■ We think that the drafters of Initiative 242 had sound reasons for requiring a substantial basis before a person's driver's license can be revoked, and we think that construing the statute as merely a notice would be inconsistent with the drafters' intent to promote an accurate determination of the statutory criteria. Further, since under *Lewis* the "sworn report" is not relevant in later proceedings, if the requirement of a "sworn report" is not construed to be jurisdictional, we believe that the statute would be functionally amended to delete the word "sworn." This results because a "sworn report" would not be needed at any point to revoke a driver's license. The drafters are presumed to have used no superfluous words and we must accord meaning, if possible, to every word in a statute. *State v. Lundquist*, 60 Wn.2d 397, 374 P.2d 246 (1962). This principle applies equally to direct legislation by the people as it does to legislative enactments. *Department of Revenue v. Hoppe*, 82 Wn.2d 549, 512 P.2d 1094 (1973).

The courts of two other states have confronted this same issue with respect to their own implied consent statutes and each reached the conclusion that the requirement for a "sworn report" is jurisdictional. *Wilcox v. Billings*, 200 Kan. 654, 438 P.2d 108 (1968); *Dawson v. Austin*, 44 Mich. App. 390, 205 N.W.2d 299 (1973). We believe that reason commends this view. We, therefore, conclude that the requirement of a "sworn report" was intended to be jurisdictional. Any contrary result may well raise significant due process questions. *See Bell v. Burson*, 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971).

Affirmed.

SWANSON, C.J., and HOROWITZ, J., concur.