[No. 1539-2.  Division Two.  October 1, 1975.]

ARTHUR A. TURNER, *Appellant*, v. THE DEPARTMENT OF MOTOR VEHICLES, *Respondent*.

*Edward G. Holm* and *Mooney, Cullen & Holm*, for appellant.

*Slade Gorton, Attorney General,* and *James R. Silva, Assistant,* for respondent.

REED, J.—Arthur A. Turner was arrested for driving while intoxicated and taken to the Lewis County jail where he was advised of his rights under the "implied consent" law, RCW 46.20.308. A video tape was used to record this procedure and defendant's apparent understanding of the "rights" and his willingness to take the breathalyzer test. The video machine was then turned off and did not record his performance.

On conflicting versions of the incident from the defendant and the arresting Washington State Patrol trooper, and another witness, the court found (1) that the officer explained the proper use of the breathalyzer, after which Mr. Turner blew into the mouthpiece through his nose, (2) that the officer again explained the procedure and demonstrated by blowing with his mouth, (3) that Mr. Turner again blew into the machine through his nose, and (4) that the officer was justified in considering this a "constructive refusal" to take the test. Defendant's license revocation by the Department of Motor Vehicles was affirmed. Defendant did not demand a jury trial.

Mr. Turner raises three issues for our consideration:

1. Whether material evidence favorable to his defense was destroyed when the video was stopped before he performed the test; and

2. Did his actions constitute a refusal to perform the test within the meaning of the implied consent law; and

3. Should he have been afforded a jury trial?

We decide all issues against Mr. Turner and affirm the trial court.

*Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), establishes the rule that due process requires that the State make known and available to a criminal defendant any evidence known to the prosecution

which may tend to favor him and to establish his innocence. *Brady*, however, is limited to criminal cases; a license revocation is a civil proceeding. *Connolly v. Department of Motor Vehicles*, 79 Wn.2d 500, 487 P.2d 1050 (1971); *Fritts v. Department of Motor Vehicles*, 6 Wn. App. 233, 492 P.2d 558 (1971). We are not prepared to extend the rule to license revocation proceedings.

Assuming arguendo that the *Brady* rule applies, absent a showing that the State purposely manipulated or abused the use of the breathalyzer, neither the authorities cited by defendant nor fundamental fairness oblige the State to manufacture evidence which might conceivably be beneficial to a defendant. If the State, through an abundance of caution, seeks to fend off claims that the appropriate rights and consequences of refusal to submit were not properly covered (and most of our reported cases revolve around such claims), it does not thereby assume the added burden of recording the entire procedure, by witnesses either alive or electronic. The rationale of *Brady* does not apply to evidence not in existence.

■ On the second issue we conclude that acceptance of defendant's claim that he did, in fact, submit to the test would open the door to all manner of ingenious attempts to circumvent the statute; the State would then lack important and perhaps essential evidence on a later charge of driving while under the influence of an intoxicant. In *Department of Motor Vehicles v. McElwain*, 80 Wn.2d 624, 628, 496 P.2d 963 (1972), the court said:

> when the advice as to the consequences of a refusal is given in the form prescribed by the statute, and the operator, though conscious, does not willingly submit and cooperate in the administration of a test, he must be deemed to have refused.

Other jurisdictions which have adopted similar implied consent laws have concluded that activity such as the following constitutes a refusal to take the test: sucking on a breathalyzer mouthpiece rather than blowing into it, despite a verbal offer to submit, *Application of Kunneman,*

501 P.2d 910 (Okla. App. 1972); entering upon a deliberate course of smoking, drinking and eating in an attempt to frustrate the accuracy of the test, despite a verbal offer to submit, *Moseley v. Commonwealth,* 492 S.W.2d 204 (Ky. App. 1973); and breathing into the machine lightly once, coupled with a subsequent refusal to breathe into it again, *Newman v. Stinson,* 489 S.W. 2d 826 (Ky. App. 1972).

The trial court made a specific finding of fact that "petitioner refused to submit to a chemical test of breath" and that finding will not be disturbed where it is founded upon substantial evidence. *State v. Keith,* 13 Wn. App. 127, 534 P.2d 128 (1975). Twice blowing into a machine through one's nostrils rather than through one's mouth after being shown how to use the machine, is an "unwillingness to submit and cooperate in the administration of a test" under the *McElwain* test and under the statute.

■ As to defendant's third assignment, *Department of Motor Vehicles v. Andersen,* 84 Wn.2d 334, 525 P.2d 739 (1974), holds that a defendant is entitled to a jury in a de novo superior court trial of his departmental license revocation. Defendant made no jury demand and his assignment of error in this regard is overcome by the specific language of that case which states:

[W]e . . . view the absence of legislative restraints in RCW 46.20.334 upon the type of contested de novo hearings contemplated as indicative of a full and independent judicial, evidentiary, and factual review embracing, *on appropriate demand,* a jury trial.

(Italics ours.) *Department of Motor Vehicles v. Andersen, supra* at 340.

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.