[No. 3903-43616-1.    Division One.    November 22, 1976.]

BERNARD WILLIAM BINCKLEY, *Respondent*, v. THE DEPARTMENT OF MOTOR VEHICLES, *Appellant*.

*Slade Gorton, Attorney General,* and *Susan Rae Martin, Assistant,* for appellant.

*Franco, Asia, Bensussen & Coe* and *Laurence B. Finegold,* for respondent.

JAMES, J.—This is an appeal from a Superior Court review of an administrative proceeding by which the appellant, Department of Motor Vehicles, revoked respondent Bernard Binckley's driver's license. The single issue presented is whether the Department was required to establish that it had received from the arresting officers a "sworn report" of Binckley's refusal to submit to a chemical test of his breath as provided by RCW 46.20.308, Washington's implied consent statute.

The facts are not in dispute. Officers who arrested Binckley for speeding suspected that he had been driving while

under the influence of intoxicating liquor. Binckley refused to submit to a breath test and his driver's license was revoked by the Department pursuant to RCW 46.20.308(3). After a "formal hearing" pursuant to RCW 46.20.329, RCW 46.20.332, and RCW 46.20.333, Binckley sought a de novo trial in superior court as afforded by RCW 46.20.308(5) and RCW 46.20.334. Although the arresting officers testified at the Superior Court trial, neither stated whether a "sworn report" of Binckley's refusal to take the test had been filed with the Department of Motor Vehicles and no report was introduced into evidence.

The trial judge concluded "that the submission and existence of the sworn report required by RCW 46.20.308, is a jurisdictional prerequisite to valid statutory revocation of the petitioner's driver's license." Finding of fact No. 6.[1] We affirm.

The Department relies upon *Lewis v. Department of Motor Vehicles*, 81 Wn.2d 664, 665, 504 P.2d 298 (1972) and asserts that "the license revocation provisions of RCW 46.20 make submission of the 'sworn report' unnecessary in a de novo review by a superior court of the department's order." The Department's argument fails to recognize that in *Metcalf v. Department of Motor Vehicles*, 11 Wn. App. 819, 525 P.2d 819 (1974), we pointed out that in *Lewis*, the jurisdictional necessity of a "sworn report" was not at issue. Only at issue in *Lewis* was the sufficiency of proof that the revocation procedures had been initiated by an arresting officer's "sworn report."

Although not free from uncertainty, the opinion in *Lewis* refers to "the arresting officer's testimony . . . establishing the required elements for the revocation." *Lewis v. Department of Motor Vehicles, supra* at 667. Under the statutory scheme, it is the Department and not the arresting officer which effects the license revocation. One of the "required elements" for revocation is "the receipt of a sworn report of the law enforcement officer".

[1] By interlineation, the trial judge noted that his conclusion was improperly designated as a finding of fact.

RCW 46.20.308(3). For the reasons stated in *Metcalf*, we are persuaded that the receipt of a "sworn report" from an arresting officer is, as the trial judge concluded, a "jurisdictional prerequisite" to the institution of revocation proceedings under the implied consent statute. We must therefore assume that the arresting officer's testimony in *Lewis* established that he did submit a "sworn report" to the Department.

It is the Department's burden at a de novo trial in superior court to produce competent evidence that the revocation proceedings were instituted by a "sworn report" of an arresting officer. The Department failed to produce such proof.

The judgment of the trial court is affirmed.

WILLIAMS, C.J., and ANDERSEN, J., concur.