[No. 2705–3.   Division Three.   May 22, 1979.]

William D. Brewer, *Appellant,* v. The Department of Motor Vehicles, *Respondent.*

*Collins & Hansen* and *Nels A. Hansen,* for appellant.

*Slade Gorton, Attorney General,* and *Howard W. Fischer, Assistant,* for respondent.

ROE, J.—Two issues are presented in this civil action: (1) whether statements made by an arrested driver before he was given the *Miranda*[1] warnings may be admitted in a proceeding to revoke his driver's license under the implied consent law, RCW 46.20.308; and (2) whether Superior Court Civil Rule 44 is the exclusive means for admitting certified copies of the arresting officer's sworn report of the driver's refusal to take a Breathalyzer test.

At a de novo superior court trial to review the revocation of his driver's license, William D. Brewer objected to the introduction of statements he made to an arresting officer before the officer advised him of his *Miranda* rights. The officer testified that following the arrest, as he was readying the Breathalyzer machine, Mr. Brewer said, "I will save you a lot of trouble. I am not going to take the test." The officer also testified Mr. Brewer acknowledged that he understood

---

[1]*Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

the effect of refusing to take the test and that he was not going to take it.[2]

Mr. Brewer contends that any statements he made prior to being given the *Miranda* warnings should not have been used in the license revocation proceeding because he was not accorded the right to counsel prior to making the statements. He cites Justice Court Criminal Rule 2.11, Superior Court Criminal Rule 3.1 and cases such as *State v. Byers,* 88 Wn.2d 1, 559 P.2d 1334 (1977), and *State v. Darnell,* 8 Wn. App. 627, 508 P.2d 613 (1973).

█ █ Undoubtedly, the right to counsel attaches in *criminal* proceedings as soon as feasible after the defendant is taken into custody. However, as our courts have said on numerous occasions, a driver's license revocation proceeding is not a criminal matter. *Fritts v. Department of Motor Vehicles,* 6 Wn. App. 233, 240, 492 P.2d 558 (1971). *See also Nowell v. Department of Motor Vehicles,* 83 Wn.2d 121, 124, 516 P.2d 205 (1973); *Connolly v. Department of Motor Vehicles,* 79 Wn.2d 500, 487 P.2d 1050 (1971); *Hatten v. Department of Motor Vehicles,* 15 Wn. App. 656, 657, 551 P.2d 145 (1976); *Turner v. Department of Motor Vehicles,* 14 Wn. App. 333, 335, 541 P.2d 1005 (1975). On at least two occasions, our courts have implied that the right to presence of counsel does not extend to an arrested driver before making the decision whether to take the Breathalyzer test. *See Department of Motor Vehicles v. Riba,* 10 Wn. App. 857, 861–62, 520 P.2d 942 (1974); *Strand v. Department of Motor Vehicles,* 8 Wn. App. 877, 882, 509

---

[2]The following colloquy occurred:

"Q. What was his response? How did you offer the test?

"A. After he said that he did understand the sentence and he would not take the test I said, 'Mr. Brewer, I am going to ask you again, would you like to take the breathalyzer test?' He said, 'No.' I said, 'Do you understand the consequences for refusing the test?' He said, 'Yes, I do.' I asked him again, I said, 'Mr. Brewer, would you like to take the breathalyzer test?' He said, 'No.' And I said, 'Do you understand the consequences of refusing this?' And he said, 'Yes.'

"Q. Did you treat this incident as a refusal to submit to the breathalyzer test?

"A. I did."

P.2d 999 (1973).[3] Courts in other jurisdictions have expressly held that the right to counsel is not applicable when the driver is confronted with the question of taking a sobriety test under implied consent statutes. *Westmoreland v. Chapman,* 268 Cal. App. 2d 1, 74 Cal. Rptr. 363 (1968); *Robertson v. State ex rel. Lester,* 501 P.2d 1099 (Okla. 1972); *Blow v. Commissioner of Motor Vehicles,* 83 S.D. 628, 164 N.W.2d 351 (1969); *State v. Bunders,* 68 Wis. 2d 129, 227 N.W.2d 727 (1975). *See generally* Annot., *Suspension or revocation of driver's license for refusal to take sobriety test,* 88 A.L.R.2d 1064 (Supp. 1979).

Although in–custody, testimonial statements made by a defendant without the benefit of *Miranda* warnings may not be used in the state's case in chief in a criminal proceeding, *State v. Darnell, supra,* there is no significant nexus between the results of a criminal proceeding for driving while intoxicated and the administrative revocation of the driver's license. *See Fritts v. Department of Motor Vehicles, supra.* An acquittal or conviction in the related criminal case has no bearing on the revocation proceeding. *Fritts v. Department of Motor Vehicles, supra.* Therefore, although statements made by Mr. Brewer in the absence of *Miranda* warnings might not be admissible in the related criminal matter, there is no rule prohibiting their use in driver license revocation proceedings. Therefore, the remarks of Mr. Brewer to the arresting officer were admissible. We also note that, at least in regard to his statement that, "I will save you a lot of trouble. I am not going to take the test," Mr. Brewer's remarks appear voluntary and not in response to interrogation by the arresting officer and thus not subject to the *Miranda* rule. This holding eliminates possible confusion which would be engendered by giving the *Miranda* warnings entitling the driver to a lawyer and not to be questioned, at the same time proceeding

---

[3]In *State v. Moore,* 79 Wn.2d 51, 57, 483 P.2d 630 (1971), the court held the implied consent statute does not compel a driver to incriminate himself in violation of article 1, section 9 of the state constitution.

with questioning in reference to the Breathalyzer tests in which there is no right to the presence of an attorney.

Mr. Brewer also complains that the court erred in admitting as exhibit 2 a certified copy of the arresting officer's report of Mr. Brewer's refusal to submit to a Breathalyzer test. Pursuant to *Binckley v. Department of Motor Vehicles,* 16 Wn. App. 398, 556 P.2d 561 (1976), and *Metcalf v. Department of Motor Vehicles,* 11 Wn. App. 819, 525 P.2d 819 (1974), the Department's receipt of a sworn report from the arresting officer is a jurisdictional prerequisite to the institution of license revocation proceedings under the implied consent statute. It is the burden of the Department at a de novo trial in superior court to produce competent evidence that the proceedings were so instituted. Mr. Brewer contends the Department did not introduce competent evidence of receipt of a sworn report because its exhibit was not admissible in accordance with Superior Court Civil Rule 44, and *State v. Hodge,* 11 Wn. App. 323, 523 P.2d 953 (1974).

The first page of the exhibit 2 reads:

CERTIFICATION

I, DAVID T. KIRK, hereby certify and attest that I have been appointed by R. Y. Woodhouse, Director of the Department of Motor Vehicles, as legal custodian of the Department of Motor Vehicles records in the State of Washington. I further certify and attest that the attached document is a part of the driving record file of *William D. Brewer,* License No. BREWE *WD 647 LC,* maintained at Olympia, Washington: . . .

The certification is stamped with the Department's seal, and the second page of the exhibit is the report of the officer who testified he swore to its contents before a notary public.

█ Mr. Brewer contends the admission of the document under Superior Court Civil Rule 44 was erroneous because it did not meet the contemplated 2-step process: (1) an attestation by the party having custody and (2) certification by another party that the attesting party has custody. *See State v. Hodge, supra* at 327. Superior Court Civil Rule 44

is not the exclusive method by which public documents may be authenticated and admitted, as it expressly provides:

(c) **Other Proof.** This rule does not prevent the proof of official records or of entry or lack of entry therein by any other method authorized by law.

CR 44(c). The court in *Hodge* stated at page 328 that RCW 5.44.040[4] was not superseded by CR 44 and found no error in the admission of documents certified as follows:

I, Lucy S. Segal, do hereby certify that I am the duly appointed and acting Supervisor of the Motor Vehicles Records Section of the Department of Motor Vehicles for the State of Washington. I am the custodian of the motor vehicle records kept in the Department of Motor Vehicles for the State of Washington. I further certify that the attached are photo enlargments [*sic*] of the microfilm records as follows:

[Then follows explanation of what three attached documents are.]

I further certify that the records from which the enclosed copies were made are on file as public documents in the Department of Motor Vehicles, at Olympia, Washington.

*State v. Hodge, supra* at 326.

Since there is no contention by Mr. Brewer that the sworn report is for "confidential use only," there is no significant distinction between the certification here and that in *State v. Hodge, supra.* We find no error in the admission of the officer's testimony or the certified copy of the sworn report of the arresting officer on Mr. Brewer's refusal to take the Breathalyzer test. In any event, admission of a sworn report is required only at the original revocation by the Department, and not at the de novo hearing if the

---

[4]RCW 5.44.040 provides as follows:

"Copies of all records and documents on record or on file in the offices of the various departments of the United States and of this state, when duly certified by the respective officers having by law the custody thereof, under their respective seals where such officers have official seals, shall be admitted in evidence in the courts of this state."

418

arresting officer testifies. *Lewis v. Department of Motor Vehicles,* 81 Wn.2d 664, 504 P.2d 298 (1972).

Therefore, the judgment of the Superior Court is affirmed.

GREEN, C.J., and McINTURFF, J., concur.