[No. 8891-0-III.  Division Three.  June 14, 1988.]

ANTHONY KIRK BORGER, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

*Kenneth Beckley* and *Frederick, Beckley & Cooper,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *James Silva* and *Tad Shimazu, Assistants,* for respondent.

THOMPSON, A.C.J.—Anthony Borger appeals revocation of his driver's license. We affirm.

Mr. Borger was arrested for driving while under the influence of alcohol August 8, 1986. At the jail, the arresting officer read Mr. Borger the implied consent warning regarding refusal to submit to a breath test. The machine to be used was the BAC Verifier Data Master, which requires two breath samples; the warning explained the test "consists of two separate samples of your breath, taken independently, . . . if you refuse your privilege to drive will be revoked or denied . . ." Officer Roe testified he clarified the warning and allowed Mr. Borger to read the consent form, which he signed.

Mr. Borger gave one breath sample but, upon request, refused to supply the second. Officer Roe explained the consequences of refusal again, paraphrasing the statutory language. The officer testified Mr. Borger made a statement that "none of his friends, had licenses anyway so it didn't make any difference whether his was revoked or not". After it was apparent he was not going to give the second sample,

the officer indicated the refusal on the machine, and subsequently prepared the necessary sworn report of refusal for submission to the Department of Licensing.

The Department revoked Mr. Borger's driving privilege. He appealed, and received a trial de novo in superior court July 7, 1987. The revocation was upheld. The court denied his motion for new trial and motion for judgment notwithstanding the verdict.

The first issue is whether the trial court erred by finding providing only one breath sample was a refusal to take the breath test, for purposes of revoking Mr. Borger's driver's license. RCW 46.20.308(2) pertains to giving implied consent warnings to drivers arrested for DWI. It provides, in pertinent part:

> The officer shall warn the driver that (a) his or her privilege to drive will be revoked or denied if he or she refuses to submit to the test . . .

Here, the warnings read to Mr. Borger provided:

> Further, you are now being asked to submit to a test of your breath which consists of two separate samples of your breath, taken independently, to determine alcohol content. You are now advised that you have the right to refuse this breath test; that if you refuse, your privilege to drive will be revoked or denied by the Department of Licensing; and that you have the right to additional tests administered by a qualified person of your own choosing and at your own expense and that your refusal to take the test may be used in a criminal trial.

Mr. Borger argues he *submitted* to the test when he gave one sample, and that refusal to complete the test was not refusal to submit. *Turner v. Department of Motor Vehicles,* 14 Wn. App. 333, 541 P.2d 1005 (1975) answers this contention. There, it was held the trial court properly determined the appellant had refused to submit and cooperate in the administration of the test when he blew into the Breathalyzer mouthpiece with his nose, even after being instructed twice that the proper procedure was to use one's mouth. The court stated to accept the defendant's claim that he had "submitted" to the test "would open the door

to all manner of ingenious attempts to circumvent the statute . . ." *Turner,* at 335.

■ *Turner* cited *Department of Motor Vehicles v. McElwain,* 80 Wn.2d 624, 628, 496 P.2d 963 (1972), which held:

> [W]hen the advice as to the consequences of a refusal is given in the form prescribed by the statute, and the operator, though conscious, does not willingly submit *and cooperate* in the administration of a test, he must be deemed to have refused.

(Italics ours.) Here, the officer testified he informed Mr. Borger refusal to provide a second sample would result in a determination Mr. Borger had refused. The consent form was also clear. Mr. Borger refused to cooperate. His argument regarding the giving of the second breath sample is without merit.

■ The next issue is whether the trial court committed reversible error when it admitted the officer's sworn report of Mr. Borger's refusal to submit to the breath test. The sworn report of refusal is a jurisdictional prerequisite to license revocation proceedings under the implied consent statute, and the Department of Licensing has the burden at the de novo trial to prove the report's existence. *Waid v. Department of Licensing,* 43 Wn. App. 32, 36, 714 P.2d 681, *review denied,* 105 Wn.2d 1015 (1986); *Binckley v. Department of Motor Vehicles,* 16 Wn. App. 398, 400, 556 P.2d 561 (1976). Here, the State tried to meet its burden through the testimony of the officer who submitted the report. Mr. Borger's attorney objected, citing the best evidence rule, ER 1002. The State then offered the document, to prove jurisdictional compliance, and not to prove its contents.

*Kaye v. Department of Licensing,* 34 Wn. App. 132, 659 P.2d 548 (1983) held it was reversible error in a de novo superior court revocation hearing to admit the sworn report if offered to prove the substantive facts contained in the report. However, in this case the report was not offered for that purpose; the officer's testimony fully established the

necessary facts regarding refusal, unlike *Kaye* where no officer testified and the case was submitted to the superior court solely on the basis of the sworn report of refusal. Therefore, given the purpose for which the report was submitted, the court did not err.

Next, did the trial court err in deciding Mr. Borger received proper implied consent warnings? A purpose of the implied consent law is to allow the operator of a motor vehicle to make an intelligent judgment regarding the effect of refusing to submit to and cooperate with the taking of a breath sample. *State v. Whitman Cy. Dist. Ct.*, 105 Wn.2d 278, 714 P.2d 1183 (1986). Where the officer does not correctly inform the licensee of the consequences of refusal, the court will reverse a revocation.

Mr. Borger points to the officer's testimony that he advised Mr. Borger at one point his refusal would result in "suspension"; suspension, and revocation or denial, result in different consequences.

However, Officer Roe correctly advised Mr. Borger in the mandatory statutory language that his license would be "revoked or denied" several times before Mr. Borger's initial refusal. It was only after his refusal that the officer paraphrased the warnings, using the incorrect language. Mr. Borger continued to refuse. It is apparent he had the correct information to make an intelligent decision prior to his refusal, and before the incorrect word usage. In addition, he testified he understood he would lose his license if he refused the second breath sample. The court did not err in finding Mr. Borger was given an opportunity to make an intelligent judgment regarding refusal.

We affirm.

GREEN and MUNSON, JJ., concur.

Review denied by Supreme Court October 4, 1988.