[No. 12027-9-III.   Division Three.   June 24, 1993.]

MARCELLO FRANK MARTINEZ, *Respondent,* v. THE DEPARTMENT OF LICENSING, *Appellant.*

*Christine O. Gregoire, Attorney General,* and *John S. Barnes, Assistant,* for appellant.

*Chelsea C. Korte* and *Cone, Gilreath, Ellis, Cole & Korte,* for respondent.

SHIELDS, C.J. — The Department of Licensing appeals the Superior Court's dismissal of its action to revoke a driver's license. The Superior Court dismissed the case for lack of jurisdiction, holding that actual receipt of the "sworn report" specified in RCW 46.20.308(6) was a jurisdictional prerequisite to a license revocation, and that the Department had failed to prove actual receipt of the sworn report. We reverse.

This case began in 1987, when 17-year-old Marcello Frank Martinez was stopped on suspicion of driving while intoxicated. The arresting officer, Jeff Gillespie, twice read Mr. Martinez the warnings that his license would be revoked if he refused to submit to a breath test. Mr. Martinez nevertheless refused to take the breath test.

Officer Gillespie completed a report of refusal, signed it, swore to its truthfulness before a notary public and mailed it to the Department. The Department revoked Mr. Martinez's driver's license. Mr. Martinez requested a formal hearing. When the administrative hearing officer upheld the revocation, he then filed a petition for review de novo in superior court. The Superior Court affirmed the revocation. Mr. Martinez appealed to this court. In an unpublished opinion, this court decided it would have remanded the case for appropriate findings of fact; however, the trial judge had left the bench, and we remanded for a new trial instead.

At the new trial, the Department introduced Officer Gillespie's "sworn report" in evidence.[1] Mr. Martinez objected to admission of the report for the purpose of proving the Department had actually received it. The court admitted the report for the limited purpose of demonstrating Officer Gillespie had filled it out, sworn to its truthfulness, and mailed it to the Department. However, the court did not admit the report to show the Department had actually received it.

At the close of the evidence, the court dismissed the Department's revocation, concluding the Department lacked jurisdiction. The court held: (1) actual receipt of the report was a jurisdictional prerequisite to revocation proceedings, and (2) the Department did not meet its burden of proving actual receipt.

The sole issue on appeal is whether, at the de novo trial of a license revocation action, the Department must not only prove the substantive facts contained in the sworn report but must also prove that the Department actually received the report.

RCW 46.20.308(6) states in relevant part:

> The department of licensing, upon the receipt of a sworn report of the law enforcement officer . . . shall revoke the person's license or permit to drive . . . ..

---

[1] The Department's exhibit 2, report of refusal, does not contain a certification by a legal custodian of the Department's records.

There is no dispute the report existed in proper form.

The Department contends it proved the existence of the report and the substantive facts contained in it, which was sufficient to sustain its burden of proof. Mr. Martinez responds that the Department must establish it actually received the report to sustain its burden.

Receipt of a sworn report from an arresting officer is a jurisdictional prerequisite to the Department of Licensing's institution of revocation proceedings under the implied consent statute. *Binckley v. Department of Motor Vehicles*, 16 Wn. App. 398, 400, 556 P.2d 561 (1976). It is the burden of the Department at a de novo trial to produce competent evidence that the proceedings were so instituted. *Brewer v. Department of Motor Vehicles*, 23 Wn. App. 412, 416, 595 P.2d 949 (1979).

License revocation proceedings involve a 3-step process, of which the sworn report is a necessary, though limited, part. At the first step, the Department is obligated to revoke the driver's license when it receives a sworn report as specified by statute,[2] and unless the driver exercises his or her statutory rights for review, the revocation order becomes operative. RCW 46.20.308(6); *Lewis v. Department of Motor Vehicles*, 81 Wn.2d 664, 665, 504 P.2d 298 (1972).[3]

If the revocation order is challenged, the process moves to the second step. A formal departmental hearing is held, pursuant to RCW 46.20.308(7), and the matters within the sworn

---

[2]The sworn report must meet the specifications of RCW 46.20.308(6), which requires "a sworn report of the law enforcement officer that the officer had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor and that the person had refused to submit to the test or tests upon the request of the law enforcement officer after being informed that refusal would result in the revocation of the person's privilege to drive . . .."

[3]At the time of the *Lewis* decision, the sections of the statute dealing with license revocation were RCW 46.20.308(3), (4) and (5). These sections have since been renumbered as RCW 46.20.308(6), (7) and (8); however, their substantive provisions remain the same, except for minor amendments irrelevant to the present discussion.

report, which are the basis of the revocation order, are scrutinized. The sworn report is no longer controlling. *Lewis*, at 666. At the formal departmental hearing, the issues are as follows:

> [W]hether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor, whether the person was placed under arrest, and whether the person refused to submit to the test or tests upon request of the officer after having been informed that such refusal would result in the revocation of the person's privilege to drive.

RCW 46.20.308(7). The formal hearing therefore provides the opportunity to challenge the facts of the refusal to submit to the test upon which the revocation is based. RCW 46.20.308(7); *Lewis*, at 666. At the hearing, the Department considers its records and may receive sworn testimony. RCW 46.20.332.[4]

If the Department's final order of revocation is challenged, the process moves to the third step. A de novo trial is held in superior court. RCW 46.20.308(8), .334. In *Lewis*, the arresting officer's testimony was taken at the de novo trial, but the Department did not attempt to use the sworn statement. *Lewis*, at 667, held the sworn statement has relevance only when the initial revocation is based solely on the report, or when, at a formal hearing, only the Department's records are reviewed and no sworn testimony covering the material in the report is received: "The trial de novo is 'to review the final order of revocation . . . by the department . . .' [RCW 46.20.308(8)], not all actions by the department." For these reasons, admission of a sworn report was required only at the original revocation by the Department, and not at the de novo hearing if the arresting officer testified. *Brewer*, at 417-18.

■ In *Borger v. Department of Licensing*, 51 Wn. App. 942, 756 P.2d 153, *review denied*, 111 Wn.2d 1016 (1988), the

---

[4]The record does not reveal whether sworn testimony was reviewed at the formal hearing.

appellant, apparently relying on *Lewis,* asserted that the trial court committed reversible error when it admitted the arresting officer's sworn report of refusal. We observed:

Here, the [Department] tried to meet its burden through the testimony of the officer who submitted the report. Mr. Borger's attorney objected, citing the best evidence rule, ER 1002. The [Department] then offered the document, to prove jurisdictional compliance, and not to prove its contents.

*Borger,* at 945. We thus held:

The sworn report of refusal is a jurisdictional prerequisite to license revocation proceedings under the implied consent statute, and the Department of Licensing has the burden at the de novo trial to prove the report's existence.

*Borger,* at 945. This added an additional requirement on a de novo trial: proof of the existence of a sworn report, upon which the jurisdiction of the Department depended. As with the officer's testimony in *Borger,* Officer Gillespie's testimony in this case fully established the necessary facts regarding refusal. The copy of the report itself was competent evidence of its existence. The existence of the report established the jurisdiction of the Department. *See also* RCW 46.20.308(8); *Lewis,* at 667. The Department's evidence met the required burden of proof.

The Superior Court erred. We reverse the order of dismissal and affirm the Department's order of revocation.

MUNSON and THOMPSON, JJ., concur.