959 P.2d 128 (1998)
91 Wash.App. 339
Michael VERANTH, Respondent,
v.
STATE of Washington, DEPARTMENT OF LICENSING, Appellant.
No. 38456-2-I.
Court of Appeals of Washington, Division 1.
April 20, 1998.
Publication Ordered June 8, 1998.
Gwendolyn Howard, Asst. Atty. General, Christine D. Gregoire, Attorney General, Seattle, for Appellant.
Albert Rinaldi, Seattle, for Respondent.
PER CURIAM.
The State appeals from a superior court order setting aside the Department of Licensing's revocation of Michael Veranth's driver's license. The State contends the court erred in ruling that the form of the arresting officer's certified report was inadequate and deprived the Department of jurisdiction to revoke the license. Because we conclude that any deficiency in the certified report was not jurisdictional, we reverse.

FACTS
In February 1996, Veranth appeared for a de novo review of the Department's revocation of his driver's license for refusing a breath test. He challenged the Department's jurisdiction on the ground that the Report of Refusal required by the implied consent law[1] was not an adequate certification under RCW 9A.72.085.[2] Two police officers had signed the Report at the end of *129 the form under the statement, "I certify (declare) under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct. (RCW 9A.72.085.)" Veranth complained that the signing officers wrote on the form under "Place signed" the abbreviation, "SPD, N. PCT", which he argued did not designate any place or was an insufficient designation.
Argument in superior court established that the abbreviation meant Seattle Police Department North Precinct, but the court concluded that the abbreviation was not so commonly known that the court could take judicial notice of its meaning. The court also stated that when the legislature allowed a certification in place of swearing before a notary, it set out in RCW 9A.72.085 "some very strict requirements." The court concluded that, for purposes of the implied consent law, the abbreviation was inadequate and rendered the verified report "nonexistent." The court set aside the decision revoking Veranth's license.
The Department appeals this ruling.

DECISION
A sworn or certified officer's report is a jurisdictional prerequisite to the Department's power to revoke a driver's license. Broom v. Dep't of Licensing, 72 Wash.App. 498, 502, 865 P.2d 28 (1994). Receipt of the sworn report from the arresting officer is the jurisdictional prerequisite to the Department's power to institute the license revocation proceeding. Martinez v. Dep't of Licensing, 70 Wash.App. 398, 401, 854 P.2d 43 (1993). The existence of the report establishes the jurisdictional prerequisite. Martinez, 70 Wash.App. at 403, 854 P.2d 43. A technical deficiency in the officer's report does not deprive the Department of jurisdiction to proceed. Broom, 72 Wash.App. at 503, 865 P.2d 28.
Veranth argued below that the abbreviation "N. PCT" indicated "no place", or at least no place that could be determined from the face of the document or through judicial notice. The trial court agreed in its oral decision, relying primarily on Broom v. Dep't of Licensing. In that case, this court held that the use of summary language in the report describing the implied consent warnings given to a driver is not a jurisdictional bar to a license revocation proceeding. The court further stated:

[I]t is the existence of a certified report, not its contents, that confers jurisdiction on DOL and ... the use of summary language in a report is adequate, so long as it sets forth the information required by RCW 46.20.308(6).... [W]e do not suggest that a report containing a significant variation from or an omission of the information required under RCW 46.20.308(6) would be adequate to confer jurisdiction....
72 Wash.App. at 503-04, 865 P.2d 28. (Emphasis added.)
The rule in Broom does not deprive the Department of jurisdiction in this case. Here, a report clearly existed which did not vary or omit information required by the implied consent law. In challenging the form of the "N. PCT" designation, Veranth overlooks the significance of the other part of the abbreviation, "SPD". There is no real dispute that "SPD" in the report refers to Seattle Police Department. Any uncertainty in the abbreviation is easily resolved by examining the rest of the document, which clearly establishes the signers' identity as police officers. Next to the first officer's signature in the blank labeled "Law Enforcement Agency" was written "Seattle P.D.", with downtown mailing address and "Seattle, Wa 98104." There can be no dispute that the Seattle Police Department is located in Seattle, Washington, which Veranth seemed to concede below would be adequate for the designation of "place." Any ambiguity in the rest of the abbreviation, "N. PCT," is of little consequence.
Our review of the other case law cited by the parties reveals no support for the strict interpretation of the requirements of RCW 9A.72.085 and RCW 46.20.308(6)(e) advanced by Veranth. We have discovered only two instances in which courts found the Department lacked jurisdiction due to inadequacies of the officer's report. Both cases are distinguishable.
*130 In Metcalf v. Dep't of Motor Vehicles, 11 Wash.App. 819, 525 P.2d 819 (1974), a document that was not sworn or notarized was signed by the officer. The court, noting that a "sworn report" carries a presumption of credibility which "govern[s] the revocation order", concluded that the absence of the "sworn" statement violated the intent of the implied consent statute and deprived the Department of jurisdiction. Metcalf, 11 Wash. App. at 821-822, 525 P.2d 819.
In Binckley v. Dep't of Motor Vehicles, 16 Wash.App. 398, 400, 556 P.2d 561 (1976), this court stated there must be evidence that the revocation proceedings were initiated by a sworn report of the arresting officer. In that case the Department failed to carry its burden by producing evidence that such a sworn report existed. Therefore, there was no jurisdiction.
In this case, there is no such fundamental problem with the officer's report. The report was received by the Department and bore the required certification that the report was made under penalty of perjury. The certification was signed, and both the date and place were named. We view any deficiency in the designation of place as merely a technical one. We decline to say under these circumstances that the requirements of the implied consent statute or the certification statute were not met so as to deprive the Department of jurisdiction. See RCW 4.36.240 (requiring court in every stage of an action to disregard any error or defect in pleadings or proceedings that does not prejudice the adverse party); see also Griffith v. City of Bellevue, 130 Wash.2d 189, 922 P.2d 83 (1996) (lack of signature on verification of a petition for writ of review did not deprive the court of jurisdiction).
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Under the implied consent law upon a suspect's refusal to submit to testing for alcohol, the arresting officer must submit to the Department a sworn or verified report stating, inter alia, that after warnings the person refused to submit to testing of his blood or alcohol. RCW 46.20.308(6)(e).
[2] RCW 9A.72.085 allows substitution of an affidavit with an unsworn statement or verification which

(1) Recites that it is certified or declared by the person to be true under penalty of perjury;
(2) Is subscribed by the person;
(3) States the date and place of its execution; and
(4) States that it is so certified or declared under the laws of the state of Washington.