[No. 17127-2-III. Division Three. February 16, 1999.]

LEE H. FRANK, *Appellant*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*Thomas D. Nagle*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Kimberly A. Loranz, Assistant*, for respondent.

SCHULTHEIS, C.J. — The "implied consent" statute, RCW 46.20.308, requires police officers to send a signed report of refusal to the Department of Licensing (DOL) within 72 hours after a suspected drunk driver refuses to submit to a breath test. Upon receipt of the report, the DOL revokes the driver's license for a period. RCW 46.20.308(7); .311. The signed report of Lee Frank's refusal to submit to a breath test was not date-stamped. He appeals the revocation of his driver's license, contending the statutory time limit is a jurisdictional prerequisite to the DOL's authority to revoke his license. We disagree and affirm.

On March 18, 1997, a Yakima County deputy sheriff stopped Mr. Frank after observing his car swerve across the center line several times and skid to a stop. The deputy smelled liquor on Mr. Frank's breath and noticed other signs that he had been drinking. When asked if he would submit to a sobriety test, Mr. Frank refused. He was arrested, informed of his rights and asked again if he would take a breath test. Again he refused.

Pursuant to RCW 46.20.308(6)(e), the deputy signed a sworn report of refusal and sent it to the DOL. Unfortunately, the report was not date-stamped and it cannot be determined now when it was transmitted or received. RCW 46.20.308(6) provides, in part:

> If, after arrest and after the other applicable conditions and requirements of this section have been satisfied, . . . the person refuses to submit to a test, the arresting officer . . . shall:
>
> . . . .
>
> (e) Immediately notify the department of the arrest and transmit to the department within seventy-two hours, except as delayed as the result of a blood test, a sworn report or report under a declaration authorized by RCW 9A.72.085 that states:
>
> (i) That the officer had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs . . .
>
> (ii) That after receipt of the warnings required by subsection (2) of this section the person refused to submit to a test of his or her blood or breath . . . and
>
> (iii) Any other information that the director may require by rule.

On March 28, 10 days after Mr. Frank's arrest, the DOL revoked his license for one year, effective May 17. (RCW 46.20.308(7) provides that license revocation for refusal to submit to a breath test is effective beginning 60 days from the date of the arrest, which was March 18 in this case.) Mr. Frank requested a hearing, which was held telephonically on May 30. Along with other issues raised at the hearing, Mr. Frank argued that the DOL had no jurisdiction to revoke or suspend his license because it failed to transmit the report of refusal within the 72 hours required by RCW 46.20.308. Finding that the 72-hour time limit contained in the statute is merely "directional" and not jurisdictional, the hearing officer overruled the objection and ultimately

upheld the revocation of Mr. Frank's license. The Superior Court upheld the DOL's order of revocation and dismissed Mr. Frank's appeal with prejudice.

On appeal to this court, Mr. Frank contends compliance with the 72-hour provision of RCW 46.20.308 is a jurisdictional prerequisite to a license revocation. He asserts this court must reverse the revocation of his license because the DOL failed to carry its burden of showing that the sworn report of refusal to submit to a breath test was transmitted within 72 hours.

The existence of a sworn or certified officer's report is the jurisdictional prerequisite to the DOL's power to revoke a driver's license. *Veranth v. Department of Licensing*, 91 Wn. App. 339, 341-42, 959 P.2d 128 (1998); *Broom v. Department of Licensing*, 72 Wn. App. 498, 502, 865 P.2d 28 (1994); *Martinez v. Department of Licensing*, 70 Wn. App. 398, 403, 854 P.2d 43 (1993). License revocation proceedings involve a three-step process. In the first step, the DOL is required to revoke the driver's license when it receives the sworn report specified in RCW 46.20.308(6). *Martinez*, 70 Wn. App. at 401. Upon receiving the sworn report, the DOL revokes the license effective 60 days from the date of the arrest. RCW 46.20.308(7). The driver has 30 days from the date of his or her refusal to take the breath test to request a formal departmental hearing. RCW 46.20.308(8). At the hearing—the second step in the process—the matters within the sworn report are scrutinized. *Martinez*, 70 Wn. App. at 401-02. Finally, if the DOL's order after the hearing is challenged, the third step of the process is a de novo trial in superior court. At this level of the challenge, the sworn report is not admissible to prove the truth of the matters asserted in the report. *Martinez*, 70 Wn. App. at 402; *Waid v. Department of Licensing*, 43 Wn. App. 32, 36, 714 P.2d 681, *review denied*, 105 Wn.2d 1015 (1986).

 While the DOL's failure to establish the existence of a sworn report could deprive it of jurisdiction (*see, e.g., Binckley v. Department of Motor Vehicles*, 16 Wn. App. 398, 400, 556 P.2d 561 (1976) (no evidence that report existed);

*Metcalf v. Department of Motor Vehicles*, 11 Wn. App. 819, 821-22, 525 P.2d 819 (1974) (no evidence report was sworn or notarized)), a technical violation of RCW 46.20.308 in the contents of the report generally is not a jurisdictional bar to a license revocation proceeding. *Veranth*, 91 Wn. App. at 342 (citing *Broom*, 72 Wn. App. at 503-04). Failure to strictly comply with the statute's requirements for the report's contents (RCW 46.20.308(6)(e)) will not deprive the DOL of jurisdiction unless a significant variation or omission prejudices the driver. *See, e.g., Veranth*, 91 Wn. App. at 343; *Broom*, 72 Wn. App. at 503-04. Similarly, we find that failure to comply with the statute's requirement that the report be transmitted within 72 hours is not enough, alone, to lose jurisdiction.

Mr. Frank argues that the use of the word "shall" in the statute's provision that the officer "shall . . . transmit to the department within seventy-two hours . . . a sworn report" (RCW 46.20.308(6)(e)) indicates the time period is mandatory. While the term "shall" is presumptively mandatory, its meaning depends on the legislative intent of the statute as a whole. *State v. Krall*, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994). The meaning of the term is determined by considering (1) the terms of the act as they relate to the subject of the legislation; (2) the nature of the act; (3) the general objective to be accomplished; and (4) the consequences that would result from construing the statute in one way or another. *Id.* at 148. "Shall" is interpreted as directory, rather than mandatory, when a literal reading would frustrate the legislative intent. *State ex rel. Royal v. Board of Yakima County Comm'rs*, 123 Wn.2d 451, 458, 869 P.2d 56 (1994).

The general purpose of RCW 46.20 is to prevent reckless or negligent drivers from operating their vehicles on public highways. *State v. Dalton*, 13 Wn. App. 94, 96, 533 P.2d 864 (1975). The implied consent provision, RCW 46.20.308, was enacted to provide an efficient means of gathering reliable evidence of intoxication or nonintoxication while allowing drivers to make an informed decision about their right to

refuse the test. *State v. Bostrom*, 127 Wn.2d 580, 589, 902 P.2d 157 (1995); *Greenwood v. Department of Motor Vehicles*, 13 Wn. App. 624, 628, 536 P.2d 644, 98 A.L.R.3D 566 (1975). As noted in *State ex rel. Ralston v. Department of Licenses*, 60 Wn.2d 535, 540, 374 P.2d 571 (1962), the automobile is both a useful machine and a potentially deadly weapon. Effective controls on licensing are the primary means of restraining unfit or irresponsible drivers from endangering the lives of others. *Id.* at 541. Allowing a suspected drunk driver to escape license revocation because the officer who wrote the sworn report of refusal did not transmit it to the DOL within 72 hours would frustrate the Legislature's intent to encourage drivers to submit to the test. *Bostrom*, 127 Wn.2d at 588-89.

Further, only the DOL stands to lose if the revocation process is delayed. The deputy informed Mr. Frank at the time of his refusal to take the breath test that he had 30 days to request a formal department hearing. RCW 46.20.308(8). Regardless of when the DOL initiates the revocation process, it is the driver's duty to challenge the officer's grounds for believing the driver was intoxicated or to rebut the officer's compliance with the informed consent statute. RCW 46.20.308(8). The purpose of the sworn report is not to provide notice to the driver but to inform DOL that the officer complied with the notice requirements of RCW 46.20.308(2). *Broom*, 72 Wn. App. at 506. Without that information, the DOL cannot institute the revocation proceedings or defend against the driver's challenge. RCW 46.20.308(7). For all the above reasons, we conclude the word "shall" as used in RCW 46.20.308(6)(e) is directory rather than mandatory.

Finally, we note that even if "shall" is meant to be mandatory, the officer's failure to transmit the sworn report will not deprive the DOL of jurisdiction to revoke a driver's license if the driver cannot show prejudice. *See, e.g., State v. Storhoff*, 133 Wn.2d 523, 532, 946 P.2d 783 (1997) (although RCW 46.65.065 provides that notices of revocation "shall" inform the recipient of a right to a formal hearing,

the failure to comply will not invalidate the revocation without a showing of actual prejudice); *Giles v. Department of Soc. & Health Servs.*, 90 Wn.2d 457, 460, 583 P.2d 1213 (1978) (failure to comply with a statutory requirement that a hearing "shall" be held within 30 days will not deprive the department of jurisdiction in the absence of prejudice). Mr. Frank made no showing of prejudice and argues no prejudice now. He had already been informed of his right to a hearing and he received the revocation notice within 10 days of his arrest. If transmission of the sworn report was delayed, it had no effect on Mr. Frank's rights or his ability to prepare for his hearing. Accordingly, the officer's failure to strictly comply with RCW 46.20.308 did not deprive the DOL of authority to revoke Mr. Frank's license for failure to submit to the breath test.

Affirmed.

SWEENEY and KURTZ, JJ., concur.