[No. 18417-0-III.    Division Three.    March 23, 2000.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*,
v. DAVID L. DELOZIER, *Appellant*.

*Edgar L. Annan*, for appellant.

*Christine O. Gregoire, Attorney General,* and *Judith M. Page, Assistant,* for respondent.

SWEENEY, J. — The Department of Labor and Industries' rules require that when a worker incurs both dorsal impairments and cervical or lumbar impairments, the overall impairment must be categorized under either the cervical or lumbar category only. WAC 296-20-250(1)(e).

David DeLozier has a permanent impairment in both the dorsal areas and dorsolumbar/lumbosacral areas of his spine as the result of an industrial injury. The superior court concluded that Mr. DeLozier was entitled to a Category 4 rating only for his lumbar impairments because the rule governing these impairments is unambiguous. WAC 296-20-250(1)(e). We agree that WAC 296-20-250(1)(e) is clear. We therefore affirm.

## FACTS

David DeLozier suffered an industrial injury on February 6, 1992. The Department of Labor and Industries paid Mr. DeLozier a Category 3 permanent partial disability award pursuant to WAC 296-20-280 for his dorsolumbar and lumbosacral impairment.[1] The Department closed the claim. Mr. DeLozier protested his exclusive Category 3 rating because his physicians had identified impairments at two levels of his spine. The parties stipulated to the material facts.

---

[1] A Category 3 award under WAC 296-20-280 requires continuous or moderately intermittent mild low back impairment, with mild objective clinical findings of the impairment but no significant x-ray findings or significant objective motor loss. WAC 296-20-280(3).

Jeffrey Hirschauer, M.D., attended to Mr. DeLozier between April 1992 and August 1993. He operated on Mr. DeLozier's lumbosacral spine (L5-S1) on June 9, 1992. He operated again on Mr. DeLozier's thoracic spine (T11-12) to repair a disc herniation. Dr. Hirschauer opined that Mr. DeLozier's back problems resulted from, or were at least aggravated by, the industrial injury.

Keith Mackenzie, M.D., attended to Mr. DeLozier beginning in October 1993. He opined that Mr. DeLozier has two separate back problems as a result of the industrial accident: the lumbosacral problem necessitating the L5-S1 surgery; and a thoracic problem necessitating the T11-12 surgery. Dr. Mackenzie rated the lumbosacral impairment as a Category 4. He rated the dorsal impairment as a Category 2.

The Department's independent medical examiner, Warren Adams, M.D., rated Mr. DeLozier's impairment at Category 3, including both the dorsolumbar and lumbosacral impairments. He combined his rating based on WAC 296--20-250(1)(e).[2]

An administrative law judge (ALJ) found that Mr. DeLozier suffered two permanent partial disabilities—a Category 4 disability under WAC 296-20-280 (dorsolumbar and lumbosacral impairments) and a Category 2 disability under WAC 296-20-260 (dorsal impairments). But the ALJ concluded that Mr. DeLozier was entitled to only a Category 4 rating. The ALJ also relied on WAC 296-20-250(1)(e).

Mr. DeLozier appealed to the Board of Industrial Insurance Appeals. The Board reversed the ALJ. It did so based on two of its own decisions: Joanne McGrath, No. 901748, 1991 WL 251247 (Wash. Bd. of Indus. Ins. Appeals Aug. 19, 1991) and Lou Prickett, No. 864669, 1989 WL 164563 (Wash. Bd. of Indus. Ins. Appeals Mar. 23, 1989). We discuss each decision later in this opinion. The Board rated the impairments in two separate categories: a Category 4 for

---

[2]Dorsal impairments which also involve the cervical or lumbar areas shall be evaluated only under the cervical and cervico-dorsal or dorsolumbar and lumbosacral categories. WAC 296-20-250(1)(e).

the dorsolumbar and lumbosacral impairment and a Category 2 for the dorsal impairment.

The Department appealed to the superior court. The court agreed with the ALJ and concluded that "the clear language" of WAC 296-20-250(1)(e) required a single rating based on a single dorsolumbar and lumbosacral impairment and reversed the Board.

## DISCUSSION

Mr. DeLozier wants his two impairments rated, and paid, separately. He points out that all three physicians believe that he had two separate and distinct areas of impairment—the lumbosacral and the dorsal areas of the spine. WAC 296-20-250 governs this dispute.

█ Our review of the trial judge's application of WAC 296-20-250 is de novo. *United States Tobacco Sales & Mktg. Co. v. Department of Revenue*, 96 Wn. App. 932, 938, 982 P.2d 652 (1999).

█ We first interpret the meaning of WAC 296-20-250 and then decide if the trial judge properly applied it. *United States Tobacco Sales*, 96 Wn. App. at 938. If the words of the WAC are plain and unambiguous, we need look no further than the regulation. *Id.* We also give effect to every word, clause, and sentence. *Aponte v. Department of Soc. & Health Servs.*, 92 Wn. App. 604, 617, 965 P.2d 626 (1998), *review denied*, 137 Wn.2d 1028 (1999). Where the term "shall" is used, "shall" is presumptively mandatory. *Frank v. Department of Licensing*, 94 Wn. App. 306, 311, 972 P.2d 491 (1999); *Aponte*, 92 Wn. App. at 617-18.

The Department of Labor and Industries promulgated "rules and categories to provide a comprehensive system of classifying unspecified permanent partial disabilities in the proportion they reasonably bear to total bodily impairment." WAC 296-20-200(1).

Mr. DeLozier has permanent, partial impairment in both the dorsal and dorsolumbar/lumbosacral areas. WAC 296-

-20-260 classifies and categorizes permanent dorsal area impairments. WAC 296-20-280 does the same with permanent dorsolumbar and lumbosacral impairments. Department regulations generally require evaluation and assessment of impairment categories "which most accurately indicate[ ] the overall degree of permanent impairment" in the specific body area. WAC 296-20-220(1)(g). But this is only "unless otherwise instructed." WAC 296-20-220(1)(g).

And here WAC 296-20-250(1)(e) provides otherwise:

> Impairments which also involve the cervical or lumbar areas shall be evaluated only under the cervical and cervicodorsal or dorsolumbar and lumbosacral categories.

This regulation requires that Mr. DeLozier's impairments "shall be evaluated only under the . . . dorsolumbar and lumbosacral categories" of WAC 296-20-280.

Mr. DeLozier directs us to the basic purpose of the Industrial Insurance Act—compensation for injured workers—to support his claim for two separate disability awards. RCW 51.04.010. But the general provisions of the Act do not control over a specific regulation. And the word "shall" is mandatory. *Frank*, 94 Wn. App. at 311; *Aponte*, 92 Wn. App. at 617-18.

Citing the same decisions that the Board relied on, Mr. DeLozier argues that this court should defer to the Board's decisions. WAC 296-20-250(1)(e) clearly governs this case. The Board decisions hold no precedential value. *Romo v. Department of Labor & Indus.*, 92 Wn. App. 348, 356, 962 P.2d 844 (1998). The two decisions relied on by the Board do not help Mr. DeLozier anyway. In Prickett, the Board followed WAC 296-20-250(1)(e). Lou Prickett, 1989 WL 164563 at *7. And in McGrath the Board did not apply the partial disability rule of WAC 296-20-250(1)(e) because the worker "was a permanently and totally disabled worker." Joanne McGrath, 1991 WL 251247 at *4.

The superior court's decision is affirmed. Mr. DeLozier's request for attorney fees is denied. RCW 51.52.130; *Young v. Department of Labor & Indus.*, 81 Wn. App. 123, 132, 913 P.2d 402 (1996).

Affirmed.

KURTZ, C.J., and SCHULTHEIS, J., concur.