[No. 43093.    En Banc.    November 14, 1974.]

DAVID FLORY, *Respondent,* v. THE DEPARTMENT OF MOTOR VEHICLES, *Appellant.*

*Slade Gorton, Attorney General,* and *David R. Minikel, Assistant,* for appellant.

*Joan Foster* of *Legal Services Center,* for respondent.

WRIGHT, J.—The question herein is what is constitutionally permissible procedure for revocation of a driver's license.

Respondent was involved in an accident March 19,.1973, in the Federal Way Shopping Center. Both vehicles were damaged and injuries occurred. Accident reports were submitted as required by RCW 46.52.030. Thereafter the Department of Motor Vehicles determined the sum of $2,548 was a proper amount for security to be posted by respondent, and that his driver's license would be suspended unless he either posted security or otherwise complied with

the requirements of RCW 46.29. He was informed he could request an administrative hearing, which he did request.

On June 11, 1973, a hearing was held and the decision of the financial responsibility hearing committee was adverse to respondent. Notice of the hearing was received by respondent's then attorney on the same day as the hearing was scheduled and held. An appeal promptly taken to the Superior Court resulted in a remand to the department with directions to hold another hearing after adequate notice and after an opportunity had been accorded respondent and his attorney to inspect the records of the department.

A second hearing was held on August 17, 1973, pursuant to the remand. The result of that hearing was again adverse to respondent and resulted in another appeal. The Superior Court then held that the procedure followed by the department was constitutionally impermissible, and that as thus applied, RCW 46.29.060-.070 and WAC 308-102-045 were unconstitutionally violative of due process. This appeal followed.

RCW 46.29.060 provides as follows:

> Application of sections requiring deposit of security and suspensions for failure to deposit security. The provisions of this chapter, requiring deposit of security and suspensions for failure to deposit security, subject to certain exemptions, shall apply to the driver and owner of any vehicle of a type subject to registration under the motor vehicle laws of this state which is in any manner involved in an accident within this state, which accident has resulted in bodily injury or death of any person or damage to the property of any one person of two hundred dollars or more.

And RCW 46.29.070 provides:

> Department to determine amount of security required —Notices. (1) The department, not less than twenty days after receipt of a report of an accident as described in the preceding section, shall determine the amount of security which shall be sufficient in its judgment to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against each driver or owner. Such determination shall not be made with re-

spect to drivers or owners who are exempt under succeeding sections of this chapter from the requirements as to security and suspension.

(2) The department shall determine the amount of security deposit required of any person upon the basis of the reports or other information submitted. In the event a person involved in an accident as described in this chapter fails to make a report or submit information indicating the extent of his injuries or the damage to his property within fifty days after the accident and the department does not have sufficient information on which to base an evaluation of such injuries or damage, then the department after reasonable notice to such person, if it is possible to give such notice, otherwise without such notice, shall not require any deposit of security for the benefit or protection of such person.

(3) The department within fifty days after receipt of report of any accident referred to herein and upon determining the amount of security to be required of any person involved in such accident or to be required of the owner of any vehicle involved in such accident shall give written notice to every such person of the amount of security required to be deposited by him and that an order of suspension will be made as hereinafter provided upon the expiration of ten days after the sending of such notice unless within said time security be deposited as required by said notice.

WAC 308-102 provides for the procedure for carrying out the provisions of RCW 46.29, the financial responsibility act. The provisions which are relevant to this problem are contained in WAC 308-102-045, which reads:

HEARINGS PROCEDURES. All hearings arising under and pursuant to the financial responsibility act except those arising under RCW 46.29.330 shall be heard by at least three members of the financial responsibility hearing committee whose determination shall be final. The hearing committee shall, in making its decision, consider only:

(1) Affidavits filed by, for, or on behalf of the person requesting the hearing, and

(2) The financial responsibility files concerning the individual which shall be open and available for inspection

by the licensee or his attorney at any time prior to the hearing.

The hearing committee shall not receive or consider oral testimony, nor shall it consider oral arguments by the licensee or his attorney.

The hearing committee is clearly mandated to consider only written material and not to receive or consider any oral testimony or oral arguments. It scarcely requires any discussion to establish that such a procedure is not a "hearing." The very word "hearing" connotes a session at which there is an oral presentation, something directed to the sense of hearing.

*Bell v. Burson*, 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971) is controlling. It involved a Georgia statute very similar to the statute involved here. The United States Supreme Court therein said, "the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment."

When *Bell* was decided the United States Supreme Court had previously decided *Goldberg v. Kelly*, 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970) in which the requirements of a due process hearing had been set out. Such requirements included the right to confront adverse witnesses, the right to present evidence and oral argument, and the right to representation by counsel.

The "hearing" involved here was certainly much different than what is provided in RCW 46.65.030, .040, .050, .060 for habitual traffic offenders. That statute is only brought into play by a series of convictions, or bail forfeitures. In each of those transactions there was a trial or the right to a trial. Thereafter, the matter is brought before the superior court and the driver is accorded a right to a judicial hearing on the matters specified in the statute. It was the habitual traffic offenders act which was held valid in *State v. Scheffel*, 82 Wn.2d 872, 514 P.2d 1052 (1973).

In *Scheffel* we held, however, that due process required a full hearing at some stage of the deprivation proceeding.

Likewise, the hearing provided in RCW 46.20.329 and .332 for revocation under the implied consent act is a true hearing and was the type of hearing discussed in *Lewis v. Department of Motor Vehicles*, 81 Wn.2d 664, 504 P.2d 298 (1972).

Having determined that the procedure set out in WAC 308-102-045 does not accord due process and is constitutionally impermissible, we find it unnecessary to discuss other issues raised by the parties.

The judicial function is to decide controversies. If precedent flow from the discharge of that function, a further and often far-reaching good has been accomplished. The judicial function however does not generally encompass rendering advisory opinions nor speculate upon how some other controversy would be resolved. We shall, therefore, refrain from discussion of how a proper hearing could be held.

The judgment is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.