[No. 16910-3-III. Division Three. February 25, 1999.]

HOWARD ROY LYTLE, *Appellant*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

Brown, J., dissents by separate opinion.

*Stephen R. Matthews* and *Michelle D. Szambelan* of *Phillabaum, Ledlin, Matthews,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Kelley J. Sweeney, Assistant,* for respondent.

SCHULTHEIS, C.J. — Howard Lytle appeals the Department of Licensing's (DOL) revocation of his driver's license under RCW 46.20.308 (the implied consent law) for his refusal to take a breath analysis test to determine his blood alcohol content. Mr. Lytle contends the DOL revocation hearing violated his due process rights because he was denied a meaningful opportunity to be heard. We agree.

The majority of the underlying facts are undisputed by

the parties. Late in the evening of June 28, 1996, off-duty Spokane County Deputy Sheriff T. Greenfield heard a vehicle skid and observed the vehicle resting across both lanes of traffic on Hastings Road. The driver repositioned the vehicle and continued driving. Deputy Greenfield then observed Washington State Patrol (WSP) Trooper J.F. Love stop the vehicle. Allegedly, Trooper Love questioned the driver, who did not answer the questions. Trooper Love observed the driver's eyes to be watery and bloodshot, that the driver had poor hand-eye coordination and that a strong odor of intoxicants was evident.

Another WSP officer, Trooper Robert Bohling, arrived at the scene to assist at the request of Trooper Love. Upon his arrival, Trooper Bohling saw Trooper Love talking to the driver who was the only occupant of the stopped vehicle. Trooper Bohling placed Mr. Lytle under arrest for driving under the influence (DUI) of intoxicating liquor based on his failure to pass field sobriety tests.

Trooper Bohling transported Mr. Lytle to the station where a breath testing machine was located. Mr. Lytle was read his constitutional rights; he stated he understood them but refused to sign his acknowledgment on the form. Next, Trooper Bohling read Mr. Lytle the implied consent warning informing him of his right to refuse to submit to the test and the consequences of such a refusal. Again Mr. Lytle stated he understood but refused to sign his acknowledgment. Mr. Lytle was asked on two occasions to submit to the breath test, refusing both times. Trooper Bohling submitted to the DOL a Report of Refusal to Submit to Breath/Blood Test by Mr. Lytle. The DOL issued Mr. Lytle a marked license.

Mr. Lytle timely requested an administrative hearing to challenge his license suspension. Additionally, he requested that the DOL issue subpoenas for officers Love, Bohling and Greenfield. The DOL complied with these requests.

Two of the three subpoenaed officers did not appear at the first scheduled hearing. Only Trooper Bohling appeared at the hearing as ordered. Trooper Love was not served

because he had retired from the force and the WSP was unable/unwilling to provide information on how to locate him. The hearing officer found Mr. Lytle had used due diligence in trying to serve the subpoena on Trooper Love. Deputy Greenfield was properly served but did not appear. Mr. Lytle requested a dismissal, which was denied. A continuance was granted and the subpoenas were reissued.

Deputy Greenfield was properly served a second subpoena. However, prior to the second hearing, he called to advise the parties he could not appear due to another court conflict. Mr. Lytle was unable to serve new subpoenas on Troopers Love and Bohling and they did not appear at the second hearing. Trooper Love remained unavailable due to his retirement. The WSP refused to serve the second subpoena on Trooper Bohling because it did not reach them until five days prior to the hearing.[1] As a result, Mr. Lytle was unable to cross-examine the officers.

Mr. Lytle again moved for a dismissal due to the unavailability of witnesses, which was again denied as improper. Based solely on the certified written reports of Troopers Bohling and Love and RCW 46.20.308(8),[2] the hearing officer sustained the DOL's decision to revoke Mr. Lytle's driving privileges for one year.

Mr. Lytle timely appealed the revocation to the Spokane County Superior Court, properly serving notice on the DOL. The revocation was affirmed. This appeal followed.

The implied consent law provides that a person who drives in this state is deemed to have consented to a test to

---

[1]The local WSP district office has an internal policy that requires a minimum seven days' notice for service of a subpoena on an officer. The policy gives discretion to accept a subpoena with less than seven days' notice if it is to the WSP's benefit. The policy was developed to avoid conflicts with the troopers' work schedules and to ensure the highways are properly patrolled.

[2]RCW 46.20.308(8) states, in part, that a "sworn report or report under a declaration authorized by RCW 9A.72.085 [allows subscribed declaration in lieu of sworn statement] submitted by a law enforcement officer is prima facie evidence that the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs, or both, . . . and that the officer complied with the requirements of this section."

determine the alcohol content of his/her blood or breath if arrested for suspicion of DUI.[3] If the arrested driver refuses to submit to the testing procedure, his or her driver's license will be revoked by the DOL.[4]

If a license is revoked based on a person's refusal to submit to a testing procedure, that person has the right to request an administrative hearing regarding the revocation. The scope of this hearing includes: (1) whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle in this state while under the influence of an intoxicating liquor; (2) whether the person was placed under arrest; and (3) whether the person refused to submit to the tests on the arresting officer's request after being informed that such refusal would result in the revocation of the person's privilege to drive.[5] The result of this administrative hearing is reviewable in superior court, based on the administrative record.[6]

██ ██ Mr. Lytle contends his due process rights were violated when, at his license revocation hearing, he was unable to cross-examine the officers who had stopped and arrested him on suspicion of DUI. Revocation of a driver's license for a statutorily defined cause implicates a protectible property interest that must comply with due process. *Bell v. Burson*, 402 U.S. 535, 539, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971); *Gibson v. Department of Licensing*, 54 Wn. App. 188, 194, 773 P.2d 110, *review denied*, 113 Wn.2d 1020 (1989). The State has the burden of proving the revocation of a person's license complied with due process. *State v. Storhoff*, 133 Wn.2d 523, 527, 946 P.2d 783 (1997).

In *Flory v. Department of Motor Vehicles*, 84 Wn.2d 568, 571, 527 P.2d 1318 (1974), our Supreme Court held that a license to drive may not be revoked without a hearing that

---

[3]RCW 46.20.308(1).

[4]RCW 46.20.308(7).

[5]RCW 46.20.308(8).

[6]RCW 46.20.308(9).

satisfies the requirements of due process, including the right to confront witnesses. *See also State v. Whitney*, 78 Wn. App. 506, 510, 897 P.2d 374, *review denied*, 128 Wn.2d 1003 (1995), which held that procedural due process is required before suspension of a driver's license is effective.

 Mr. Lytle timely and properly requested a hearing regarding his license revocation. He maintains he was not given a fair hearing because he was not allowed to cross-examine the officers who submitted evidence against him. We agree.

Due process requires notice and a meaningful opportunity to be heard. *Whitney*, 78 Wn. App. at 510. The word "hearing" certainly implies that some type of oral presentation, or the introduction of some type of evidence, will be directed to one's auditory senses. *Flory*, 84 Wn.2d at 571. Yet, the 1995 amendments to RCW 46.20.308(8) now allow the sworn report and the complete police report to constitute prima facie evidence that the implied consent statute was complied with by the officer(s). The DOL's burden is then met. The burden then shifted to Mr. Lytle to refute the prima facie evidence.

Under these facts, Mr. Lytle had to refute that prima facie evidence without the arresting officers' presence. He was unable to cross-examine the evidence used against him. Trooper Love has retired and will apparently never be available as a witness. RCW 46.20.308(8) specifically allows the DOL hearing officer to rely on the information contained in the sworn report and the police report as prima facie evidence that the statutory requirements of the implied consent law were properly followed. Automatic de novo review by the superior court was eliminated in the 1995 amendments to the statute.[7]

Should the Legislature have taken away the procedural safeguard of de novo review on which courts have relied as a protection against due process violations? This is a policy issue for the Legislature to address, if it is so inclined. The

---

[7]*See* LAWS OF 1995, ch. 332, § 1, effective September 1, 1995.

statute says what it says and this court must enforce its plain meaning regardless of the public policy misgivings we may have with it. If the statute produces unintended or unwanted consequences, the Legislature must amend it.

There are no due process protections afforded Mr. Lytle under these facts. The case is reversed and dismissed. As a result we need not reach Mr. Lytle's separation of powers argument.

KURTZ, J., concurs.

BROWN, J. (dissenting) — I respectfully dissent. The certified written reports of Troopers Robert Bohling and J.F. Love are declarations permitted under RCW 46.20.308(8). As such they are prima facie evidence that reasonable grounds existed to believe Howard Roy Lytle was driving while under the influence of intoxicating liquor, the officers complied with RCW 46.20.308, and that Mr. Lytle failed to submit to the required testing procedures. Mr. Lytle does not dispute he refused to sign or give a breath test. Indeed, Mr. Lytle offered no evidence whatsoever before the hearing officer. Mr. Lytle made no offer of proof as to the missing officers' expected testimony and did not request a continuance or seek aid in compelling witness attendance. Through counsel, he merely requested a dismissal. This is insufficient to overcome the Department of Licensing's case.

The practical effect of creating a prima facie presumption is to satisfy the Department's initial burden, thus shifting the burden to persons like Mr. Lytle to come forward with evidence to refute the prima facie evidence. Because Mr. Lytle offered no evidence, the hearing officer properly went forward to decide the case on the evidence presented. Although the statutory process may seem unfair to Mr. Lytle, the majority does not find it unconstitutional. As to due process, Mr. Lytle failed to examine Trooper Bohling on the initial date for hearing, did not request a continuance to permit the attendance of witnesses on the second

hearing date, and did not seek to compel attendance of witnesses by obtaining the aid of the court. On the other hand, Mr. Lytle received notice of hearing and had the opportunity to be heard. These are the core requisites of fairness. Mr. Lytle points to no prejudice from further delaying and does not suggest the Department played any role in the officers' absences.

Accordingly, I agree with the superior court and would affirm the Department's revocation of Mr. Lytle's driver's license.