63 P.3d 170 (2003)
115 Wash.App. 576
Nicholas E. ALFORDE, Respondent,
v.
STATE of Washington, DEPARTMENT OF LICENSING, Petitioner.
No. 20768-4-III.
Court of Appeals of Washington, Division 3, Panel Ten.
February 11, 2003.
*171 Christine O. Gregoire, Attorney General, Timothy S. Hamill, Assistant Attorney General, Yakima, WA, for Appellant.
Kenneth D. Beckley, Attorney at Law, Ellensburg, WA, for Respondent.
BROWN, C.J.
The Department of Licensing (DOL) appeals a superior court order, reversing the suspension of Nicholas E. Alforde's driver's license under RCW 46.20.308, the implied consent law. The technical deficiency, successfully but incorrectly urged by Mr. Alforde to the superior court, was DOL's failure to provide the arresting officer's signature on a DOL created certificate/declaration form when forwarding documents to the hearing officer. We granted discretionary review to clarify the prima facie evidence requirements at the administrative review hearing under RCW 46.20.308(8). We decide a prima facie case is established by a sworn report, or a self-certified report under a declaration authorized by RCW 9A.72.085, so long as the facts provided are sufficient to support the evidentiary issues of RCW 46.20.308(8). Here, prima facie evidence was established in a sworn report or self-certified report. Substantial evidence supports the outcome. Accordingly, we reverse.

FACTS
In the early morning of November 4, 2000, Officers Andrew Hall and Ray Turner saw a vehicle driven by Mr. Alforde fail to come to a complete stop at a stop sign. Upon contact, the officers collected evidence leading to Mr. Alforde's arrest for driving under the influence and transported him to the corrections center. Officer Hall read Mr. Alforde his implied consent warning, and Mr. Alforde agreed to a breath test. Mr. Alforde's breath samples indicated an alcohol concentration of .107 and .110.
Under RCW 46.20.308(6)(e), Officer Hall submitted a "sworn report" in the form of a "Report of Breath/Blood Test for Alcohol" (later referred to as Exhibit 1) to DOL. Mr. Alforde's license was suspended per RCW 46.20.308(7). Mr. Alforde requested an administrative hearing pursuant to RCW 46.20.308(8) challenging the DOL suspension. Officer Hall was in Mexico when the Ellensburg Police Department sent a document packet to the hearing examiner. The packet contained Exhibit 1, the sworn report, and Exhibit 2, consisting of the self-certified police reports of the two officers and accompanying evidence. Left unsigned was a coversheet declaration required by Department policy forwarding the exhibits designed to signify the attached reports, copies of documents, and information to be true, correct, and accurate.
When the hearing officer asked for objections to consider Exhibits 1 or 2, Mr. Alforde's counsel had no objection to Exhibit 1, "since it is just the existence of the document which invokes the jurisdiction." Clerks Papers (CP) at 52. Then, regarding Exhibit 2, Mr. Alforde's counsel stated, "I do not wish to waive any argument that I may have as to the validity or the weight that may be given to exhibit 2 but if the admission is merely for them to be considered by you, I would have no objection." CP at 52. After the examiner admitted the exhibits, Mr. Alforde presented no evidence at the 10 minute telephonic hearing. Instead, Mr. Alforde's counsel argued DOL had not met its prima facie burden because the coversheet had not been signed by Officer Hall.
After considering Exhibit 1 and Exhibit 2, the hearing examiner affirmed the suspension of Mr. Alforde's driving privileges, deciding the documents submitted established a prima facie case. On appeal, the superior *172 court reversed the hearing examiner, finding the documents attached to the unsigned declaration were not admissible and the omission did not "constitute a mere technical deficiency." CP at 84. We granted discretionary review.

ANALYSIS
The issue is whether the prima facie evidence requirements of RCW 46.20.308 were satisfied by the exhibits before the DOL hearing officer when considering Mr. Alforde's objection that Officer Hall failed to sign the departmentally-required coversheet declaration forwarding the exhibits to DOL.
In reviewing a license revocation decision, we stand in the same position as the superior court. Dep't of Licensing v. Grewal, 108 Wash.App. 815, 819, 33 P.3d 94 (2001) (citing Walk v. Dep't of Licensing, 95 Wash.App. 653, 656, 976 P.2d 185 (1999)). The court normally reviews a DOL final order in the same manner as an appeal from a decision of a court of limited jurisdiction. Walk, 95 Wash.App. at 656, 976 P.2d 185. While we may substitute our judgment for that of the administrative body, we accord substantial weight to the agency's view of the law. Id. at 656, 976 P.2d 185. Under RCW 46.20.308(9), our review is "limited to a determination of whether the department has committed any errors of law." We are required to "accept those factual determinations supported by substantial evidence in the record: (a) That were expressly made by the department; or (b) that may reasonably be inferred from the final order of the department." RCW 46.20.308(9).
The implied consent law provides that a person who drives in Washington is considered to have consented to a test to determine the alcohol content of that person's blood or breath if arrested for suspicion of driving under the influence of intoxicating liquor or any drugs. RCW 46.20.308(1); Dep't of Licensing v. Cannon, 147 Wash.2d 41, 47, 50 P.3d 627 (2002). After arrest, if a driver submits to a test with results indicating an alcohol concentration of .08 or higher, the arresting officer must serve written notice on the person of the intent of DOL to suspend, revoke, or deny the person's driving privileges. RCW 46.20.308(7); Cannon, 147 Wash.2d at 47, 50 P.3d 627. The officer must also submit a sworn report to DOL within 72 hours. RCW 46.20.308(6)(e). DOL's receipt of the sworn report is the jurisdictional prerequisite to DOL's power to institute license revocation proceedings. Grewal, 108 Wash. App. at 819, 33 P.3d 94. The parties here do not dispute that Officer Hall timely submitted a sworn report with the proper declaration.
Once DOL suspends the driver's license, the driver is afforded an opportunity to have an administrative hearing. Cannon, 147 Wash.2d at 47, 50 P.3d 627. Such hearing is governed by RCW 46.20.308(8). The scope of the hearing covers whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle in Washington while under the influence of intoxicating liquor. RCW 46.20.308(8). "At the hearing, the law enforcement officer's sworn report and any other evidence accompanying it, as well as certifications authorized by the criminal rules for courts of limited jurisdiction, are admissible at the hearing without further evidentiary foundation." Cannon, 147 Wash.2d at 51, 50 P.3d 627. This court has observed: "The sworn report and the complete police report constitute prima facie evidence that the implied consent statute was complied with by the officers." Lytle v. Dep't of Licensing, 94 Wash.App. 357, 362, 971 P.2d 969 (1999).
RCW 46.20.308(8) contains two "sworn report" clauses. First, in a prima facie evidence clause contained in the first paragraph, it provides:
The sworn report or report under a declaration authorized by RCW 9A.72.085 submitted by a law enforcement officer is prima facie evidence that the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs, or both, or the person had been driving or was in actual physical control of a motor vehicle within this state while having alcohol in his or her system in *173 concentration in violation of RCW 46.61.503 and was under the age of twenty-one and that the officer complied with the requirements of this section.
RCW 46.20.308(8).
Second, in an unnumbered second paragraph, after describing hearing conduct, witness subpoena, and document production requirements, RCW 46.20.308(8) provides:
The sworn report or report under a declaration authorized by RCW 9A.72.085 of the law enforcement officer and any other evidence accompanying the report shall be admissible without further evidentiary foundation and the certifications authorized by the criminal rules for courts of limited jurisdiction shall be admissible without further evidentiary foundation.
(Emphasis added.)
Here, pursuant to RCW 46.20.308(6)(e) providing for the transmission of "a sworn report or report under a declaration authorized by RCW 9A.72.085," Officer Hall sent Exhibit 1, a sworn report, to DOL. Mr. Alforde requested a review hearing. The Ellensburg Police Department forwarded documents, including Exhibit 1, the traffic infraction, the incident report, the DUI incident report, Officer Hall's complete police report with a signed declaration, and Officer Turner's complete police report with a signed declaration. The sworn report and the self-certified material is sufficient to establish a prima facie case that the officers "had reasonable grounds to believe [Mr. Alforde] had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor." RCW 46.20.308(8).
Mr. Alforde argues the second sworn report clause of RCW 46.20.308(8), Lytle, and the departmental requirement for a declaration supporting the coversheet document support reversal of his license suspension. The arguments fail.
First, the sworn report clause in the second paragraph of RCW 46.20.308(8) follows and pertains to certain witness subpoena requirements when made at the request of drivers. It does not provide for any further DOL evidentiary foundation under RCW 46.20.308(8) or limited court certification requirements apart from the requirements of the first paragraph's prima facie evidence clause. Instead, the second sworn report clause limits the need for the State to call witnesses, but does not prevent a driver from calling witnesses to contest the DOL case.
For example, if DOL meets its prima facie evidence requirements as specified in the first paragraph of RCW 46.20.308(8), admissibility is determined and DOL may rest without calling witnesses to further authenticate its documentation. If the driver presents no evidence, as was the case here, then the hearing officer can, without more, apply RCW 46.20.308(8) to the case facts after deciding the weight of the evidence.
For purposes of this opinion, we need not definitively construe the contested language of the second sworn report clause of RCW 46.20.308(8) regarding "and any other evidence accompanying the report" because it is irrelevant to whether Exhibit 1 and the officers' self-certified reports contained within Exhibit 2 satisfy the prima facie evidence requirements of the first paragraph. As apparently conceded at oral argument, they do. Mr. Alforde candidly argued the technical nature of this issue. In our context, the contested language refers to the self-certified reports of the police officers who were involved with Mr. Alforde's arrest and license suspension. No issue is presented regarding whether any other evidence accompanied the self-certified reports beyond the original reports under the auspices of the unsigned cover sheet.
The contested language does not grant an unlimited license to DOL to submit material under its coversheet beyond that permitted in RCW 46.20.308. Notably, RCW 46.20.308(8) in both unnumbered paragraphs specifically refers to: "The sworn report or report under a declaration authorized by RCW 9A.72.085." The use of the definite article "The" in RCW 46.20.308(8) refers back to the usage earlier applied in RCW 46.20.308(6)(e) and RCW 46.20.308(7) providing for submission of "a" sworn report or report under the statutory declaration by or of a law enforcement officer.
*174 Second, as Mr. Alforde points out in his brief at page nine, Lytle pivoted around whether a subpoenaed officer's presence was required to comport with due process, not whether the prima facie evidence requirements were satisfied. Lytle, 94 Wash.App. at 361, 971 P.2d 969. The reference in Lytle to the contested language referred to above did not control the outcome of that case, was dicta, and, thus, does not affect the outcome here.
Third, while we do not condone Officer Hall's failure to sign the coversheet declaration attached to the documents, RCW 46.20.308(8) imposes no such burden. Rather, it is a departmental requirement and not the type of technical deficiency warranting reversal of Mr. Alforde's license suspension. This is especially true since the documents necessary to establish a prima facie case received by the hearing officer were sworn to or contained self-certifications. Mr. Alforde did not object to Exhibit 1, as it was in his view merely a jurisdictional document under RCW 46.20.308(6)(e). Yet Exhibit 1 may be considered as well when deciding the prima facie case requirements under the first paragraph of RCW 46.20.308(8). Finally, Mr. Alforde's somewhat obscure objection to Exhibit 2 allowed some consideration of Exhibit 2 by the hearing officer.

CONCLUSION
The hearing officer did not err when applying RCW 46.20.308(8). A prima facie case was established. Substantial evidence supports Mr. Alforde's license suspension.
Mr. Alforde's request for attorney fees and costs is denied.
Reversed.
I CONCUR: KATO, J.
KURTZ, J. (dissenting).
I respectfully dissent and I cannot do better than to adopt Judge Cooper's memorandum decision, to-wit:

PROCEEDINGS
Mr. Alforde appeals the decision of the hearing examiner of the Department of Licensing who sustained the Department of Licensing order suspending his privilege to drive pursuant to RCW 46.20.308. Oral argument on appeal was conducted on October 29, 2001.

STANDARD OF REVIEW
The appeal is governed by RCW 46.20.308(9), which requires this court to review the action of the Department of Licensing in the same manner as an appeal from a decision of a court of limited jurisdiction. The standard of review utilized by this court, then, is that set forth in RALJ 9.1, to determine whether the administrative hearing officer committed errors of law. Moreover, in reviewing the administrative law officer's decision for errors of law, this court must accept those factual determinations supported by substantial evidence in the record which were found by the administrative hearing officer or which may reasonably be inferred from the judgment of the administrative hearing officer. RALJ 9.1(b). This court cannot substitute its judgment for that of the administrative hearing officer or weigh evidence or assess the credibility of witnesses. Davis v. Department of Labor & Industries [,] 94 Wash.2d 119, 124[, 615 P.2d 1279] (1980); Walk v. Department of Licensing, 95 Wash.App. 653, 656[, 976 P.2d 185] (1999).

DISCUSSION
1. Facts. The majority of the underlying facts are undisputed by the parties.[1] On or about 2:11 a.m. on Saturday, November 4, 2000 Officer Andrew Hall of the Ellensburg Police Department arrested appellant Alforde after Officer Hall observed Mr. Alforde's vehicle roll through a stop sign as it was proceeding north on Pearl Street approaching and going through the intersection at 5th Street.

*175 Upon contacting Mr. Alforde Officer Hall noted Mr. Alforde had an odor of intoxicants about his person and breath and that his eyes were red and watery. Upon inquiry Mr. Alforde admitted he had consumed one beer. According to Officer Hall, Mr. Alforde swayed and displayed an inability to balance, his coordination was poor, and his speech was slightly slurred. Officer Hall opined Mr. Alforde's degree of impairment due to alcohol/drug use was obvious.
Upon being taken to the police station Mr. Alforde was advised of his implied consent rights and warnings and elected to take the breath test. Officer Hall administered the breath test after first checking Mr. Alforde's mouth at least 15 minutes prior to the administration of the breath test and found it free of foreign materials. Officer Hall asserted Mr. Alforde did not vomit or have anything to eat, drink or smoke for at least 15 minutes prior [to] the administration of the breath test. Mr. Alforde thereafter gave two valid breath samples with readings of .107 and .110.
Officer Hall completed the Department of Licensing report of breath/blood test for alcohol[2] and submitted [it] to the Department of Licensing. The Department of Licensing thereafter order[ed] the suspension of Mr. Alforde's driving privileges[3] for 90 days, effective January 4, 2001, and advised Mr. Alforde of his right to appeal the suspension. Mr. Alforde requested an administrative hearing and the Department of Licensing set an administrative hearing before hearing officer Mullenix to take place on January 2, 2001. On January 2, 2001 hearings officer Robert Mullenix conducted an administrative hearing by telephone. At the hearing appellant Alforde, through his attorney, agreed to the admission of Exhibit 1, the report of breath/blood test for alcohol and objected [to] the admission of Exhibit 2 because it lacked the certification required by RCW 9A.72.085.[4] Mr. Alforde did not testify nor did he present any evidence. After considering the records and arguments, hearing officer Mullenix affirmed the Department of Licensing's suspension of Mr. Alforde's driving privilege and entered findings of fact and conclusions of law and an order sustaining the suspension of Mr. Alforde's driving privilege. From those findings, conclusions and order Mr. Alforde appeals.
2. Law. If a license is revoked or suspended based upon the administration of a breath test indicating the alcohol concentration of the person's breath or blood is 0.08 or more, in the case of a person age 21 or over, that person has the right to request an administrative hearing regarding the revocation. The scope of this hearing includes: (1) whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle in this state while under the influence of an intoxicating liquor; (2) whether the person was placed under arrest; and (3) when the tests were administered, whether the applicable requirements of RCW 46.20.308 were satisfied before the administration of the tests, whether the person submitted to the tests, and whether the tests indicated that the alcohol concentration of the person's breath was 0.08 or more if the person was age 21 or over at the time of arrest.[5] The result of the administrative hearing is reviewable in superior court, based on the administrative record.[6]
Mr. Alforde's argument concerning Exhibit 2 and the lack of the appropriate certifications required by RCW 9A.72.085 goes to the innate fairness of the administrative *176 proceeding. The court construes his argument as a due process argument. Revocation of the driver's license for a statutorily defined cause implicates protectable property interest that must comply with due process. Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Lytle v. Department of Licensing, 94 Wash.App. 357, 361[, 971 P.2d 969] (1999). The state has the burden of proving the revocation of the person's license complied with due process. State v. Storhoff, 133 Wash.2d 523, 527[, 946 P.2d 783] (1997).
Legislation effective September 1, 1995[7] altered the revocation hearing process substantially. Since September 1, 1995 the sworn report or report under declaration authorized by RCW 9A.72.085 submitted by the law enforcement officer is prima facie evidence that the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs, or both.[8] The sworn report referred to in RCW 46.20.308 refers to the report required by RCW 46.20.308(6)(e).[9] The sworn report of a breath/blood test is a jurisdictional prerequisite to the Department of Licensing's power to revoke the driver's license. Broom v. Department of Licensing, 72 Wash.App. 498, 502[, 865 P.2d 28] (1994). Before September 1, 1995, however, the use of the report was limited to establishing DOL's jurisdiction and could not be offered into evidence to prove substantive facts. Broom, supra. Borger v. Department of Licensing, 51 Wash.App. 942, 945, [756 P.2d 153,] review denied, 111 Wash.2d 1016 (1988). The sworn report had no relevance at all in the superior court's then de novo review of the revocation. Lewis v. Department of Motor Vehicles, 81 Wash.2d 664, 667[, 504 P.2d 298] (1972). All issues contained in the report, including the issue of whether the driver was given an appropriate implied consent warning, had to be proved by the Department of Licensing whenever an administrative hearing was requested. Broom, supra. Now, in administrative hearings conducted involving cases arising subsequent to September 1, 1995, the sworn report constitutes prima facie evidence on the first prong of the elements DOL needs to prove, i.e. that the officer had reasonable grounds to believe the person had been driving under the influence. On that prong only the burden shifts to the licensee to refute.
3. Decision. It is noted in Lytle v. Department of Licensing, supra at 362, 971 P.2d 969 the Court of Appeals stated in its set of facts that the sworn report and the police report constituted prima facie evidence the implied consent statute was complied with by the officers. With all due respect to Division III this court reads RCW 46.20.308 as declaring that the sworn report only is prima facie evidence that the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor and/or drugs..., not that the sworn report constituted prima facie evidence of the other issues before the administrative hearing officer, to wit whether the person was placed under arrest and whether the person had a test result exceeding the legal limit prohibited by statute. The second and third prongs still needed to be proved by the Department of Licensing by competent evidence, *177 including any other evidence accompanying the sworn report of the officer submitted to the Department of Licensing as required by RCW 46.20.308(6)(e), in other words the police reports.
The state Department of Licensing argues it has met its burden through the admission of Exhibit 2 and that the cover sheet entitled Certification/Declaration sent out by the Department of Licensing to the arresting officer for the purpose of the arresting officer signing under penalty of perjury and returning with all of his attached reports and documents is of no significance as it is not required by statute.[10] Appellant Alforde argues to the contrary and asserts that most of the documents contained in Exhibit 2, pages 2 to 28, are not self-certifying or authenticating. In reviewing the entire record, including Exhibit 2, there is no reference anywhere whatsoever that Exhibit 2 accompanied Exhibit 1 or that Exhibit 1 referenced Exhibit 2. Moreover, there is no indication Officer Hall submitted Exhibit 2 when he mailed Exhibit 1 to the Deparmtent [sic] of Licensing nor is there any indication the documents set forth in Exhibit 2 are in any way tied to Exhibit 1. Finally, it is noted most of the documents contained in Exhibit 2, including pages 1 through 15 and 22 through 28 don't contain a certificate. It is noted pages 16 through 21 do have the RCW 9A.72.085 declarations on them.
As Judge Schultheis noted in Lytle, supra at 362, 971 P.2d 969 the procedural safeguards eliminated by the removal of de novo review is a policy issue for the legislature to address if it is so inclined. The statute says what is [sic] says and this court must enforce its plain meaning regardless of the public policy misgivings this court may have. If the statute produces unintended or unwanted consequences, the legislature must attend [to] it. Here, the court concludes the Department of Licensing has not afforded Mr. Alforde due process under these particular facts because it has not complied with RCW 46.20.308 insofar as the sworn report required by RCW 46.20.308(6)(e) did not have any other evidence accompanying the report. The last paragraph of RCW 46.20.308 allows the Department of Licensing to prove its case, including prongs two and three by reports if they accompany the sworn report required by RCW 46.20.308(6)(e). Allowing the Department of Licensing to submit uncertified documents in hodgepodge, loose leaf fashion without any semblance of order and without any attempt to comply with the statute authorizing their admission, flies in the face of due process and certainly does not constitute a mere technical deficiency like the one allowed in Veranth v. Department of Licensing, 91 Wash.App. 339[, 959 P.2d 128] (1998). The Department had the opportunity to put a concise packet together that would prove all of the requirements of prongs two and three in an orderly fashion in a report and it did not do so.

CONCLUSION
Based on the foregoing, the decision of the hearing examiner dated January 3, 2001 affirming the Department of Licensing's action suspending Mr. Alforde's privilege to drive be and is hereby reversed. This matter is remanded to the Department of Licensing with instructions to reinstate Mr. Alforde's license.
Clerk's Papers (CP) at 88-93. I agree and so would affirm the trial court.
NOTES
[1] Appellant does contend findings of face [sic] 2 through 11 were not supported by substantial evidence because the hearings officer committed errors of law considering the documents set forth in Exhibit 2.
[2] Exhibit 1 to the administrative record.
[3] See record on appeal 35.
[4] In reviewing the transcript of the hearing it appears the attorney for Mr. Alforde agreed to the admission of Exhibit 2 for the purpose of allowing the hearings examiner to give weight and credibility to the documents as long as he could raise the issues concerning the certification or lack thereof. The court will treat appellant's objection to Exhibit 2 as an objection for all purposes, including admissibility, since appellant's attorney argued the documents lacked certification and should not therefore be considered for any reason.
[5] RCW 46.20.308(8).
[6] RCW 4[6].20.308(9).
[7] When RCW 46.20.308 was amended by Laws of 1995, Chapter 332 [section 1].
[8] See RCW 46.20.308(8).
[9] The court makes that assessment in comparing the language of the last long sentence of the first paragraph of RCW 46.20.308(8) with RCW 46.20.308(6)(e)(i). The language is almost identical. Moreover, the reference to sworn report in the second paragraph of RCW 46.20.308(8) must also refer to the report of breath/blood test described and required in RCW 46.20.308(6)(e)(i), not the police reports that may otherwise be certified under penalty of perjury, because that reference in the second paragraph of RCW 46.20.308 also references other evidence accompanying the report as being admissible without further evidentiary foundation. Likewise, the certifications authorized by criminal rules for courts of limited jurisdictions shall be admissible without further evidentiary foundation. See CrRLJ 6.13.
[10] See record on appeal, page 2 of Exhibit 2.