FILED
COURT OF APPEALS
DIVISION II

2013 JUN 19 AM 8: 31

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROGER R. MARTIN,<br>          Respondent/Cross Appellant, | No. 41718-9-II |
| v. | |
| STATE OF WASHINGTON DEPARTMENT OF LICENSING,<br>          Appellant/Cross Respondent. | ORDER PUBLISHING OPINION |

THIS MATTER came before this court on the motion of appellant/cross respondent,

State of Washington Department of Licensing, requesting that we publish the opinion filed in

this court on April 30, 2013. The respondent/cross appellant has filed a response requesting that

appellant/cross respondent's motion be denied. Upon consideration the court has determined

that the opinion in this matter satisfies the criteria for publication. It is now

ORDERED, that the opinion's final paragraph reading:

> A majority of the panel having determined that only the foregoing portion of
> this opinion will be printed in the Washington Appellate Reports and that the
> remainder shall be filed for public record in accordance with RCW 2.06.040, it is so
> ordered.

is deleted. It is further

ORDERED, that this opinion will be published.

DATED, this 19TH day of JUNE, 2013.

_____
CHIEF JUDGE

FILED
COURT OF APPEALS
DIVISION II

2013 APR 30 AM 8:36

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROGER R. MARTIN,<br>　　　　　　Respondent/Cross Appellant,<br><br>　　　v.<br><br>STATE OF WASHINGTON DEPARTMENT<br>OF LICENSING,<br>　　　　　　Appellant/Cross Respondent. | No. 41718-9-II<br><br>UNPUBLISHED OPINION |

VAN DEREN, J. — The State appeals the superior court's order reversing the Washington State Department of Licensing's (Department) decision to suspend Roger Martin's personal driver's license and disqualify his commercial driver's license (CDL). The State argues that the implied consent warnings Martin received were accurate and not misleading and that Martin did not prove that the warnings prejudiced him. Martin cross appeals the superior court's order, arguing that WAC 308-103-070(10), which requires a mandatory continuance of the Department's hearing if a subpoenaed officer does not appear and the licensee has a CDL, violates due process and equal protection because it unfairly burdens drivers who hold CDLs. Relying on our recent decision *Lynch v. Department of Licensing*, 163 Wn. App. 697, 262 P.3d 65 (2011) and Division One's decision *Allen v. Department of Licensing*, 169 Wn. App. 304, 279 P.3d 963 (2012), we hold that the implied consent warnings given to Martin were not inaccurate or misleading and that Martin has not shown actual prejudice. We also hold that Martin waived

No. 41718-9-II

the right to a hearing within 60 days under RCW 46.20.308(8)[1] and that WAC 308-103-070(10) does not violate due process or equal protection as applied in this case. Accordingly, we affirm the Department's suspension of Martin's personal driver's license and disqualification of his CDL.

## FACTS

In the early evening of September 27, 2009, Washington State Patrol Trooper Jeffrey Street arrested Martin for driving his personal vehicle while under the influence of alcohol (DUI). At the jail, Street read Martin the implied consent warnings from the "Implied Consent Warnings for Breath" form in the Washington State DUI arrest report packet. The implied consent warnings state:

Warning! You are under arrest for:

. . . .

RCW 46.61.502 or RCW 46.61.504: Driving or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor and/or drugs.

. . . .

Further, you are now being asked to submit to a test of your breath which consists of two separate samples of your breath, taken independently, to determine alcohol concentration.

1. You are now advised that you have the right to refuse this breath test; and that if you refuse:
     (a) Your driver's license, permit, or privilege to drive will be revoked or denied by the Department . . . for at least one year; and
     (b) Your refusal to submit to this test may be used in a criminal trial.
2. You are further advised that if you submit to this breath test, and the test is administered, your driver's license, permit, or privilege to drive will be suspended, revoked, or denied by the Department . . . for at least ninety days if you are:
     (a) Age twenty-one or over and the test indicates the alcohol concentration of your breath is 0.08 or more, or you are in violation of RCW

---

[1] Former RCW 46.20.308 (2008) was in effect at the time of Martin's DUI arrest. Since then, the legislature has amended RCW 46.20.308 three times. None of the amendments involved substantive changes affecting our analysis. Therefore, we cite to the current version of the statute.

2

46.61.502, driving under the influence, or RCW 46.61.504, physical control of a vehicle under the influence; or

. . . .

3. If your driver's license, permit, or privilege to drive is suspended, revoked, or denied, you may be eligible to immediately apply for an ignition interlock driver's license.

4. You have the right to additional tests administered by any qualified person of your own choosing.

Clerk's Papers (CP) at 42 (capitalization omitted). Although not read aloud to Martin, the form also contained the following warning regarding a commercial driver's license:

**For those not driving a commercial motor vehicle at the time of arrest:** If your driver's license is suspended or revoked, your commercial driver's license, if any, will be disqualified.

CP at 42 (capitalization omitted).

Martin signed the form acknowledging that he had read the above statements or had had the above statement read to him. Martin did not express any confusion regarding the implied consent warnings, and he submitted to two breath tests that measured his blood alcohol level above the legal limit to drive.

The Department notified Martin that his personal driver's license would be suspended for 90 days effective November 27, 2009, for "being in physical control or driving under the influence of alcohol or any drug (RCW 46.20.3101)." CP at 89. The Department also notified him that his CDL would be disqualified for one year effective November 27, 2009. Martin requested an administrative hearing to contest the Department's proposed suspension and disqualification.

The original hearing was scheduled for November 24, 2009, within 60 days of Martin's arrest, but Martin's counsel requested a continuance and waived the requirement that the hearing be set within 60 days. The hearing was continued to December 28; at Martin's request, the

3

No. 41718-9-II

hearing officer issued a subpoena for Street, the arresting officer, to appear by telephone at the hearing.

On December 28, 2009, the hearing officer convened the hearing as scheduled, but Street failed to appear. Based on Street's failure to appear, and citing *Lytle v. Department of Licensing*, 94 Wn. App. 357, 361-62, 971 P.2d 969 (1999), Martin moved to exclude the DUI arrest report from evidence and to dismiss the Department's action against him. Initially, the hearing officer orally granted Martin's motion to dismiss and cancelled the Department's suspension order. But shortly thereafter on the same day, the hearing officer reconvened the hearing and ruled that her earlier dismissal was improper because Martin had a CDL, and WAC 308.103.070(10) requires hearing officers to continue a hearing if a law enforcement officer who was subpoenaed as a witness fails to appear and the licensee holds a CDL. Over Martin's objections, the hearing officer vacated her prior ruling, entered a continuance, and rescheduled the hearing for January 25, 2010.

At the January 25 hearing, Street appeared and testified consistent with his arrest report, which the hearing officer admitted as evidence. Martin argued that due process required the hearing officer to dismiss the action on the initial hearing date in December because Street failed to appear. Martin also argued that the breath test results should be excluded because the misleading implied consent warnings deprived him of an opportunity to make a knowing and intelligent decision about whether to submit to the breath test.

The hearing officer found that Street "informed [Martin] of the implied consent rights and warnings" and that Martin "expressed no confusion regarding these implied consent rights and warnings and signed the form." CP at 55. The hearing officer concluded that (1) the continuance was required because Martin held a CDL, (2) Martin had the opportunity to cross-

4

examine Street when he appeared for the rescheduled hearing, (3) Martin's due process rights were not violated, (4) the evidence established that Martin was properly advised of the implied consent warnings required by RCW 46.20.308,[2] and (5) there was no evidence indicating that Martin's decision about taking the breath test was prejudiced by the warnings he received. The hearing officer sustained the Department's suspension of Martin's personal driver's license and disqualification of his CDL. The Department issued a final order stating that Martin's privilege to drive was suspended for 90 days effective February 12, 2010. The Department also sent notice to Martin that his CDL was disqualified for one year effective February 12, 2010.

Martin appealed the Department's orders to the superior court. He argued that (1) the hearing officer erred by denying his motion to suppress evidence and dismissed the action when Street failed to appear at the initial hearing; (2) WAC 308-103-070(10), which required the continuance, is unconstitutional because it violates due process and equal protection; and (3) Martin was denied the opportunity to make a knowing and intelligent decision regarding submission to the breath test because he was inaccurately advised about the resulting disqualification of his CDL. The superior court reversed the Department's suspension and disqualification orders.[3]

---

[2] Although Martin argued that the implied consent warnings were inaccurate, misleading, and/or inappropriate, the hearing officer deemed that issue outside the scope of the administrative hearing because the Department has no authority to decide the constitutionality of the law it administers.

[3] The superior court's order provides that its reversal of the hearing officer is "based on the errors of law assigned in . . . Martin's Notice of Appeal." CP at 163. In his cross motion for discretionary review, Martin stated that notwithstanding the superior court's general reference to the assignment of errors in his notice of appeal, the superior court reversed the hearing officer on the implied consent deficiency and ruled adversely to Martin on the constitutionality of WAC 308-103-070(10). The State confirms that although not reflected in the superior court's order, the superior court judge "indicated in his oral ruling that the hearing [officer] did not err in

No. 41718-9-II

The State filed a timely motion for discretionary review of the superior court's order, arguing that we should reinstate the Department's orders suspending and disqualifying Martin's licenses because the implied consent warnings were not misleading. Martin filed a cross appeal seeking review of the constitutionality of WAC 308-103-070(10). We granted discretionary review of those issues. We also granted a stipulated motion to stay the proceedings until our disposition of *Lynch*.

ANALYSIS

The State appeals the superior court's ruling that the implied consent warnings given to Martin were misleading. Martin appeals the superior court's refusal to find WAC 308-103-070(10), which required the hearing officer to continue the hearing when the subpoenaed officer did not appear, unconstitutional.

I. IMPLIED CONSENT WARNINGS UNDER RCW 46.20.308

The implied consent statute governs judicial review of the Department's order. RCW 46.20.308(9); *Cannon v. Dep't of Licensing*, 147 Wn.2d 41, 48, 50 P.3d 627 (2002). "We review an administrative decision such as a license revocation from the same position as the superior court." *Clement v. Dep't of Licensing*, 109 Wn. App. 371, 374, 35 P.3d 1171 (2001). Thus, "[w]e review the administrative order to determine whether the Department committed any errors of law, and we uphold findings of fact supported by substantial evidence." *Lynch*, 163 Wn. App. at 705 (citing RCW 46.20.308(9)). "The validity of implied consent warnings is a question of law that we review de novo." *Lynch*, 163 Wn. App. at 705.

reconvening the hearing, vacating her order of dismissal, and continuing the hearing to allow the trooper to appear." Br. of Appellant at 7 n.2. Neither party provided a transcript of the superior court proceeding. Both parties focus part of their arguments on whether WAC 308-103-070(10) is constitutional; thus we address it as a matter of public interest.

6

We review the implied consent warnings provided to Martin to ensure that the arresting officer provided all the required warnings and that they were not inaccurate or misleading. *Lynch*, 163 Wn. App. at 706. "'The warnings must permit someone of normal intelligence to understand the consequences of his or her actions.'" *Lynch*, 163 Wn. App. at 706 (quoting *Jury v. Dep't of Licensing*, 114 Wn. App. 726, 731, 60 P.3d 615 (2002)).

Martin contends that the implied consent warnings were misleading because they implied a lesser sanction to his commercial driving privilege than is mandated by law. Specifically, Martin contends that he was "misled because the 90 day language infers that any suspension could be as little as that, when in reality his CDL would be disqualified for a minimum of one year." Br. of Resp't at 6.

We recently rejected Martin's argument in *Lynch*, where the arresting officer provided the same warnings that Street provided to Martin:

> Lynch argues that the warnings she received falsely encouraged her to submit to the breath test by implying that her CDL would be disqualified for the same period as her personal driver's license suspension or revocation, namely, 90 days if she failed the breath test and 1 year if she refused to take the test. Lynch points out that under RCW 46.25.090, a driver's CDL is disqualified for "not less than one year" if the driver fails the breath test or refuses to take the test. But we disagree with Lynch because the warnings provided did not state the duration of her CDL disqualification and did not imply that such disqualification would be for the same period of time as her driver's license suspension.
>
> The statement provided to Lynch concerning potential CDL disqualification followed the required implied consent warnings, identifying it as an additional consequence of having her personal driver's license either suspended or revoked. The warning Lynch received was an accurate statement of the law concerning CDL disqualification. And the CDL notification referred to CDL "disqualification" as opposed to personal driver's license "suspension or revocation," correctly implying that it is a separate consequence. The warnings provided were not confusing or overly wordy but, rather, added to Lynch's body of knowledge to use in deciding whether to take the breath test or refuse it.
>
> We hold that a person of normal intelligence, if provided the warnings read to Lynch, would not be led to believe that the CDL disqualification . . .

7

would last only as long as the driver's license suspension or revocation. The warnings permitted Lynch to ask for further details, which she declined to do.

163 Wn. App. at 709. And Division One of this court agreed with this analysis and conclusion in *Allen*, 169 Wn. App. at 310.

Martin, like Lynch, did not ask for clarification of the warnings. *Lynch*, 163 Wn. App. at 709-10. We held in *Lynch*, under identical circumstances, that the implied consent warnings (the same ones provided to Martin) would not lead a person of normal intelligence to believe that the CDL disqualification would last only as long as the driver's license suspension. *Lynch*, 163 Wn. App. at 709. Thus, we reject Martin's contention that the implied consent warnings provided to him were misleading.

Martin also contends that that he was prejudiced because the warnings deceived him about the consequences of his choice. Martin's claim of actual prejudice is not well taken because he received accurate warnings. "'[A] showing of actual prejudice to the driver is appropriate in a *civil* action where the arresting officer has given all of the warnings, but merely failed to do so in a 100 percent accurate manner.'" *Lynch*, 163 Wn. App. at 710 (alteration and emphasis in original) (quoting *Thompson v. Dep't of Licensing*, 138 Wn.2d 783, 797 n.8, 982 P.2d 601 (1999)). We also considered Martin's argument regarding actual prejudice in *Lynch*:

> We hold that implied consent warnings that are neither inaccurate nor misleading do not result in prejudice to the driver in civil proceedings. Because the warnings here were accurate and not misleading, and Lynch confirmed to the arresting officer that she understood the warnings, her claim of actual prejudice in the civil proceedings fails.

163 Wn. App. at 711. Again, Martin received the same implied consent warnings as Lynch and confirmed that he understood the warnings. *Lynch*, 163 Wn. App. at 701-02. Because those warnings were neither inaccurate nor misleading, Martin's actual prejudice

8

No. 41718-9-II

claim fails. *See Lynch*, 163 Wn. App. at 710-11. Our recent decision in *Lynch*, 163 Wn. App. at 709, 711 clearly controls here, and Martin has not convinced us to depart from *Lynch*.

We hold that the warnings provided to Martin were sufficient under RCW 46.20.308, not misleading, and not prejudicial to Martin. Accordingly, we affirm the Department's orders suspending Martin's personal license and disqualifying his CDL and reverse the superior court on the implied consent issue.

II. WAC 308-103-070(10)

Martin also asserts that WAC 308-103-070(10) violates his due process and equal protection rights. We review Martin's constitutional challenges de novo. *Merseal v. Dep't of Licensing*, 99 Wn. App. 414, 420, 994 P.2d 262 (2000).

A. Due Process

Martin argues that his due process right was violated when the hearing officer continued the hearing as required by WAC 308-103-070(10) when the arresting officer failed to appear at Martin's hearing in December. We disagree. Consistent with due process, the mandatory continuance provision in WAC 308-103-070(10) afforded Martin an opportunity to cross-examine the arresting officer during the rescheduled hearing. Martin also alludes to a due process violation related to timeliness of the hearing, but the argument is not developed or supported; thus, we do not address it.

"Revocation of a driver's license for a statutorily defined cause implicates a protectable property interest that must comply with due process." *Lytle*, 94 Wn. App. at 361. "The State has the burden of proving the revocation of a person's license complied with due process." *Lytle*, 94 Wn. App. at 361. A driver's license may not be revoked without a hearing that satisfies the

9

requirements of due process, including the right to confront witnesses. *Flory v. Dep't of Motor Vehicles*, 84 Wn.2d 568, 571, 527 P.2d 1318 (1974). "Due process requires notice and a meaningful opportunity to be heard." *Lytle*, 94 Wn. App. at 362.

Martin relies on *Lytle*, 94 Wn. App. at 363; *Mansour v. King County*, 131 Wn. App. 255, 128 P.3d 1241 (2006);, and *State ex rel. Nugent v. Lewis*, 93 Wn.2d 80, 605 P.2d 1265 (1980) to support his due process argument. But these cases are not helpful to Martin.

In *Lytle*, a hearing officer relied on sworn reports of police officers who did not appear at the hearing. 94 Wn. App. at 362. Division Three of this court held that the license revocation proceedings violated due process because the licensee was denied an opportunity to cross-examine the officers who provided evidence against him. *Lytle*, 94 Wn. App. at 362-63. Likewise, in *Mansour*, Division One of this court held that due process required that a pet owner contesting a removal order be able to subpoena witnesses and records that he needed to effectively cross-examine the State's witnesses. 131 Wn. App. at 268-70.

Martin's reliance on *Lytle* and *Mansour* is inapposite because Martin received the very process denied in *Lytle* and *Mansour*. Here, WAC 308-103-070(10) required the hearing officer to continue the hearing until Martin had an opportunity to cross-examine Street. Unlike in *Mansour*, Martin had the ability to subpoena witnesses and records, and he used that power to subpoena Street. When Street failed to appear, the hearing officer protected Martin's rights by continuing the hearing and reissuing the subpoena for Street to appear. Although, Street initially failed to appear at the hearing for which he was subpoenaed, the hearing officer continued the hearing under WAC 308-103-070(10), which provided Martin a meaningful opportunity to be heard, including an opportunity to cross-examine Street.

Martin also relies on *Nugent*, 93 Wn.2d at 84, in which our Supreme Court dismissed the case against a criminal defendant and held that the unexcused absence of a subpoenaed witness at trial is not good cause for a continuance under JCrR 3.08.[4] Martin argues that as in *Nugent*, Street's unexcused absence is not good cause for a continuance and, thus, the action should have been dismissed. But the dismissal in *Nugent* was based on a criminal rule not applicable here. *See Nugent*, 93 Wn.2d at 83-84.

Next, Martin alleges that WAC 308-103-070(10) is unconstitutional because it erodes drivers' due process rights by requiring drivers to "waive [their] right to a timely hearing and a speedy determination on the issues where [they] have exercised [their] right to confrontation and the State fails to comply with due process." Br. of Resp't at 16-17. Again, we disagree.

By statute, the hearing shall be held within sixty days following the arrest unless otherwise agreed to by the Department and the person. RCW 46.20.308(8). WAC 308-103-070(6) provides that a petitioner is deemed to have waived the statutory requirement that the hearing be held within sixty days if petitioner requests an action that cannot be accommodated within the sixty-day period. WAC 308-103-070(10) requires the hearing officer to continue a hearing in the event a law enforcement officer who has been subpoenaed as a witness fails to appear and the petitioner is a holder of a CDL. Further, it provides that "[a]ction taken by the hearing officer to enforce a subpoena issued on the petitioner's behalf is considered to be at the request of the petitioner for purposes of WAC 308-103-070(6)." WAC 308-103-070(10).

Here, Martin requested a hearing and requested that Street be subpoenaed. When Street failed to appear, the hearing officer continued the hearing under WAC 308-103-070(10).

---

[4] Justice Court Criminal Rules (JCrR) were retitled Criminal Rules for Courts of Limited Jurisdiction (CrRLJ) in 1987.

Martin's counsel had already waived the statutory requirement that the hearing occur within 60 days of arrest by requesting a continuance of the original November 24, 2009, hearing to December 28, 2009. Martin's temporary license remained in effect during the continuance. The hearing officer complied with the applicable administrative and statutory provisions, including those related to timeliness of the hearing.[5]

Martin alleges that WAC 308-103-709(10) is unconstitutional because it requires drivers to forgo a timely hearing. But he does not cite authority to support this constitutional argument and, thus, it fails. RAP 10.3(a)(6); *State v. Thomas*, 150 Wn.2d 821, 868-69, 83 P.3d 970 (2004), *abrogated in part on other grounds by Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. E. 2d 177 (2004) (holding that inadequate argument or only passing treatment does not merit review). Martin has failed to show that his due process rights were violated by the hearing officer's application of WAC 308-103-070(10), or that WAC 308-103-070(10) violates due process on its face.

B. Equal Protection

Martin asserts that WAC 308-103-070(10) also violates his right to equal protection because "it treats similarly situated drivers disparately without a rational relation to any legitimate governmental interest." Br. of Resp't at 18. We disagree.

The Fourteenth Amendment of the United States Constitution and the privileges and immunities clause of article I, section 12 of the Washington State Constitution guarantee equal

_____

[5] Martin does not argue that WAC 308-103-070(10), which attributes the continuance to the driver who requested that the officer be subpoenaed, conflicts with or exceeds the Department's statutory authority under RCW 46.20.308(8), which requires that hearings be held within 60 days unless otherwise agreed to by the Department and the driver. Thus, we do not decide whether WAC 308-103-070 conflicts with RCW 46.20.308(8). We leave that question to a case in which the issue is squarely presented because the driver had not already waived the 60 day statutory hearing requirement.

protection of the laws. A party alleging an equal protection violation must establish that the challenged law treats unequally two similarly situated classes of people. *In re Fuel Tax or Prorate Assessment of Nor Pac Enters., Inc.*, 129 Wn. App. 556, 569, 119 P.3d 889 (2005). We employ minimal scrutiny and apply the rational basis test to review government action affecting disqualification of a commercial driver's license. *Merseal*, 99 Wn. App. at 420-21.

Under the rational basis test, "a regulation will survive a constitutional challenge if the legislation applies alike to all within the designated class, there are reasonable grounds to distinguish between those within and those without the class, and the classification bears a rational relationship to a legitimate government purpose." *Campbell v. Dep't of Soc. & Health Servs.*, 150 Wn.2d 881, 900, 83 P.3d 999 (2004). WAC 308-103-070(10) distinguishes between commercial drivers and ordinary drivers; it requires a hearing officer to continue a hearing in which a subpoenaed officer does not appear if the licensee holds a CDL or was driving a commercial vehicle at the time of the driver's arrest, while a continuance is merely discretionary if the licensee is an ordinary driver.

"Public safety is a sufficient basis for distinguishing between commercial drivers and the general public." *Merseal*, 99 Wn. App. at 422. As the State points out, the mandatory continuance provision of WAC 308-103-070(10) for commercial drivers is rationally related to protecting the public from the serious risk posed by the operation of commercial vehicles by impaired drivers. It ensures that a hearing officer will consider the merits of the license disqualification, rather than allowing dismissal of the action. Because WAC 308-103-070(10) is rationally related to a legitimate legislative purpose, it withstands rational basis scrutiny and does not violate equal protection.

No. 41718-9-II

In making his equal protection argument, Martin also contends that different treatment of ordinary drivers and CDL holders under WAC 308-103-070(10) "removed a critical due process protection from Mr. Martin, and all other CDL holders, simply by virtue of their classification as such." Br. of Resp't at 19. He characterizes this as disparate treatment under WAC 308-103-070(10) because it removes procedural due process protections and safeguards for CDL holders.

But procedural due process protections and safeguards are directed at preventing erroneous deprivations of rights. Martin does not explain why a regulation that facilitates hearings on the merits by requiring a continuance to procure a subpoenaed officer, who is then subject to cross-examination by the licensee, can be fairly characterized as stripping away a procedural due process protection or safeguard; nor does Martin explain how those arguments relate to equal protection. The continuance requirement protects the procedural and substantive safeguard of confrontation and it prevents commercial drivers accused of driving under the influence from escaping a decision on the merits.

Relying on our recent decision *Lynch*, 163 Wn. App. at 709, 711 and Division One's decision *Allen*, 169 Wn. App. at 306, we hold that the implied consent warnings given to Martin were not inaccurate or misleading and that Martin has not shown actual prejudice. We also hold that WAC 308-103-070(10) does not violate due process or equal protection rights. Accordingly, we affirm the Department's suspension of Martin's personal driver's license and

14

No. 41718-9-II

disqualification of his CDL and thereby reverse the superior court's ruling.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

_____
VAN DEREN, J.

We concur:

_____
PENOYAR, J.

_____
WORSWICK, C.J.

15